BANK OF CHARLOTTE *vs.* E. H. BRITTON, *et al.*

1. A demurrur for want of jurisdiction can only be sustained, where the want of jurisdiction appears upon the face of the complaint.

2. Where a note was given in 1863, there is a presumption that it was given for a loan of Confederate money; but that presumption is not conclusive. The facts necessary to authorize the application of the legislative scale are matters of defence, and must be pleaded when the note sued on does not *prima facie* show that is applicable, and when it does so show, a defendant must in some way claim the application of the scale.

3. A demurrer to the jurisdiction of the Superior Court will not be sustained, where it appears in the complaint, that the note sued on was for more than $200; notwithstanding said note may *prima facie* be subject to the legislative scale.

This was a civil action tried before Logan, Judge, at Fall Term, 1871 of Mecklenburg Superior Court.

Plaintiff alleged in his complaint :

I. That it is a corporation duly created by law.

II. That on the 24th of November 1863, the defendants by their note promised to pay plaintiff eighty-three days after date, $750.

II. That no part thereof had been paid.

Plaintiff demanded judgment for the amount of the note and interest.

Defendants demurred, and assigned as cause of demurrer, that it appeared on the face of the complaint, that the Court had no jurisdiction of the amount due being less than $200.

On motion of plaintiff's counsel the demurrer was overruled from which judgment the defendants appealed to the Supreme Court.

*J. H. Wilson* for plaintiff.
*Vance & Dowd* for defendants.

RODMAN, J.   A demurrer for want of jurisdiction can be sustained only when the want of jurisdiction appears on the face of the complaint.   Here the sum demanded exceeds $200. But the defendant argues that inasmuch as the claim is upon a note made in 1863, there is a presumption by virtue ot the Acts of 1866–'67, that the note was given upon a loan of Confederate money, and was payable in like currency, and there-fore the scale must be applied, which would reduce the demand to less than $200.   This presumption however is not conclusive, it does not necessarily follow from the date of the note; it is open to the plaintiff to show by evidence that the consideration of the note was other than a loan of Confederate money, or that it was agreed to be paid in some other .money.   By the demurrer which assumes that the presumption is conclusive, the plaintiff would be cut off from this proof and subjected to the scale in a case to which the statute may ·not apply.   It is true the plaintiff might avoid this unjust result, by setting out in his complaint the particular fact which exempted his demand from the scale, but we think he was not bound to do this.   A plaintiff is never bound to an-·ticipate a defence which perhaps may not be set up.   The facts to authorize the application of the scale are matters of defence and must be pleaded as such where the note sued on does not as (as it does here) show *prima facie* that the scale is applica-·ble to it, and where it does so show then the defendant must in some way claim the application of the scale.   We think the demurrer was properly overruled.   The appeal is from ·the interlucutary judgment overruling the demurrer, and consequently we are not called to give final judgment.

This opinion will ·be certified to the Superior Court in ·order that it may proceed·according ·to law.

PER CURIAM·                                      Judgment affirmed.