HENRY D. PONTON and wife, and others *v.* GRIFFIN, BRO & CO.,
D. PENDER and others.

A debt may be verbally assigned; and the assignment, if made for a valuable consideration, will hold good against the lien of an attachment subsequently obtained.

CIVIL ACTION, tried at the December (Special) Term, 1873, of HALIFAX Superior Court, before his Honor, *Judge Moore.*

I. This was a controversy between some of the defendants in the principal cause, to-wit: D. Pender, a North Carolina creditor of the firm of Griffin Bro. & Co., of Baltimore, in the State of Maryland, on the one part, and Wm. Bayne & Co., and Randolph Barton and W. B. Brooks, assignees in bankruptcy of Kirkland, Chase & Co., Maryland creditors of the said firm of Griffin Bro. & Co., on the other part—each of said claimants demanding to have a fund, arising in the principal cause, amounting to about twenty-seven hundred dollars, and apparently belonging to Griffin Bro. & Co., applied to the satisfaction of their respective debts.

II. D. Pender claimed, by virtue of an attachment, the lien of which was of the date of Nov. 13th, A. D. 1872; the other claimants did not dispute the *validity* and regularity of said attachment, and of the lien acquired thereunder, but alleged that before the said lien attached, the fund in controversy, or the debt which it represented, had been assigned to them by Griffin Bro. & Co., by a contract entered into within the State of Maryland, in part satisfaction and discharge of their respective claims against Griffin Bro. & Co.

III. Wm. Bayne & Co., and the assignees in bankruptcy of Kirkland Chase & Co., claimed, by virtue of an oral assignment alleged to have been made to them in Maryland, before the 5th day of March, 1870, by W. H. Griffin, as trustee and closing partner of the firm of Griffin Bro. & Co., in part payment of the latter firm's indebtedness to them, the said claimants of the debt due by W. J. Eppes, of North Carolina, to

said Griffin Bro. & Co., secured by a deed of trust of land in Halifax county, North Carolina, made by said Eppes to said W. H. Griffin to satisfy which last aforesaid debt, the aforesaid fund of twenty-seven hundred dollars or thereabouts, was held by the Superior Court of Halifax county, being part of the proceeds of the sale of said land, which land had been sold by an order of the Court, on the 5th day of December, A. D. 1872.

IV. D. Pender denied that any such assignment had ever been made before his lien attached to the fund; and further insisted, that if such assignment had been made it was merely equitable and could not defeat the effect of his lien by attachment.

V. The following issues of fact were thereupon submitted by the Court to a jury for a verdict thereon.

(1.) Was the paper writing marked A referred to in answer of Kirkland Chase & Co., and others, executed ?

(2.) When was said paper writing actually signed ?

(3.) What was it given for ?

(4.) Was there a verbal assignment by Griffin Bro. & Co., or by W. H. Griffin, as closing partner on behalf of said firm, of the debt, secured by mortgage of Eppes, set out in the pleadings, to Wm. Bayne & Co., and Kirkland, Chase & Co., for a valuable consideration, prior to the attachment of D. Pender ?

VI. On the trial of said issues Wm. Bayne & Co., and the assignees in bankruptcy of Kirkland, Chase & Co., were plaintiffs and D. Pender was defendant.

VII. The only witness offered by the plaintiffs to prove said assignment, was one Allen Chapman, who testified that in the year 1868, 1869 or 1870, he was a member of the firm of Kirkland, Chase & Co.; that Griffin Bro. & Co., were indebted to his firm in the sum of ten or twelve thousand dollars, that W. H. Griffin was the active partner of the concern ; that the witness never knew personally any of the others ; that in the fall of 1868 Griffin Bro. & Co., compromised their debts at

fifty cents in the dollar, for which they gave two sets of notes, the first set they paid, the second they failed to pay ; that W. H. Griffin then came to witness and told him that he had a debt secured by mortgage in North Carolina, and offered to give this debt, which offer was accepted by him for the creditors, in part payment ; that the assignment hereinbefore referred to, was signed by W. H. Griffin before the 5th day of March, 1870 ; that witness never saw it signed, and did not recognize the hand-writing on the stamp ; that the verbal agreement, to transfer or assign the Eppes debt and mortgage, was made in 1869, in Baltimore, in the State of Maryland ; that he first saw the assignment about six months afterwards,

VIII. The only witness offered by the defendant was one R. D. Pender, who testified that Mr. Bayne, of the firm of Wm. Bayne & Co., recently told him that the transfer or assignment of the Eppes debt, secured by mortgage, and testified to by the witness, Chapman, was held by them as a collateral.

IX. Before submitting the case to the jury, the plaintiffs abandoned all claim under any *written* assignment, but insisted there had been a valid oral assignment of the Eppes debt to them before the lien of the plaintiff's attachment attached thereto, on the 13th of November, 1872, which verbal assignment was of sufficient force, vigor and validity to defeat the claim of the defendant under the lien of his attachment.

X. D. Pender's counsel prayed his Honor to instruct the jury, that if at the time the assignment was made to Kirkland, Chase & Co., and others, they did not release part of the debt due to them by Griffin Bros. & Co., or acknowledge its satisfaction or otherwise discharge it, the assignment was a mortgage or deed of trust of the chose in action, (*i. e.*, the interest of Griffin Bros. & Co. in the Eppes deed of trust, &c.,) and was void as against D. Pender for want of registration. This prayer his Honor granted and instructed the jury, that if the assignment was a mortgage, it required registration.

XI. Pender, by his counsel, further prayed his Honor to instruct the jury that the alleged assignment was void as

against him for fraud, because it did not, upon its face, express its true character as a mortgage or collateral security for an existing debt. This prayer his Honor refused to grant, but instructed the jury, that the assignment relied on by Wm. Bayne & Co. and others was the verbal assignment made prior to the 5th of March, 1870, and not the paper writing of which it was a copy. To which charge of his Honor as made, and refusal of his Honor to charge as prayed, the said D. Pender excepted.

XII. Pender further prayed his Honor to instruct the jury, that if the understanding between Griffin Bro. & Co. and Wm. Bayne & Co. and others, at the time of the assigement, was, that the latter were to take the debt and interest under the mortgage assigned, and apply the net proceeds when realized, whatever they might be, to the credit of the debt due by Griffin Bro. & Co., to them, then the said assignment was a mortgage, or deed of trust, or collateral security, for an existing debt. This prayer his Honor granted.

XIII. Pender further insisted before his Honor, that admitting the truth of all the evidence of an oral assignment, offered by the said Wm. Bayne & Co. and the assignees in bankruptcy of Kirkland, Chase & Co., in its utmost extent, it only proved an equitable assignment of the Eppes debt in payment and satisfaction of the debts of Griffin Bro. & Co. to Wm. Bayne & Co. and Kirkland, Chase & Co., and not an legal assignment of the debt; and that such equitable assignment had not sufficient force, vigor and validity to defeat the lien of his attachment, and that, moreover, such an assignment made in Maryland to secure a creditor in Maryland, even if made before the Eppes debt, was bound by the lien of the attachment of D. Pender, a North Carolina creditor, would not be held valid by a North Carolina Court when the effect of such validity would be to defeat the claim of the North Carolina creditor unner a lien given by North Carolina law and process, and recognized by said Court, and that, at all events, to make this assignment valid as against D. Pender, it must have been in *writing.*

XIV. His Honor charged the jury, in substance, that if W. H. Griffin turned over, *verbally* to the plaintiffs, the interest of Griffin, Bro. & Co. in the Eppes debt, and in the mortgage to secure the same, and in the land in Halifax county, North Carolina, embraced therein, it was a good assignment, and if done prior to the attachment of Pender, valid against him, that it was not necessary that the transfer should have been in writing, and that Mr. Bayne of Wm. Bayne & Co. did tell the witness Pender that the interest or debt assigned to them was transferred as a collateral security for their claim against Griffin Bro. & Co., that it did not make it so ; that Mr. Bayne might have thought that it had been transferred as a collateral, when in fact it was transferred as an absolute payment and discharge of their claim against Griffin Bro. & Co. That they must consider the whole evidence, and find as a fact, whether it was received as a collateral, or as a payment. His Honor then explained to the jury the difference, no exception was taken. To which instructions to the jury as given, the said Pender by his counsel then and there axcepted.

XV. And thereupon the jury found "that there was a verbal assignment of the interest in controversy, made prior to the attachment of Pender, to said Wm. Bayne & Co., and Kirkland Chase & Co., for valuable consideration, and it was in part payment of debts due said firms, and not as a collateral security," and no more. And thereupon his Honor gave judgment, directing the fund of $2700 or thereabouts to be paid to the said Wm. Bayne & Co. and the assignees in bankruptcy of Kirkland Chase & Co.

XVII. And the said D. Pender, in addition to the exceptions hereinbefore in this case set out, and which are hereby assigned for errors in the Superior Court of Halifax county, makes the following additional assignment of errors, to-wit :

(1.) That the finding of the jury was not responsive to *all* the issues submitted to them.

(2.) That the finding of the jury *embraced matters not submitted to them* in the issues.

(3.) That notwithstanding the finding of the jury, his Honor ought to have pronounced judgment ordering the debt of the said D. Pender to be paid out of the said fund of $2700 or thereabouts.

From which judgment the defendant Pender and others appealed.

*Smith & Strong* and *W. Clark*, for appellant.
*Haywood, Busbee & Busbee* and *Bridgers*, contra.

RODMAN, J. It is to be regretted that counsel who represent appellants do not in all cases strictly pursue the provisions of the Code for settling cases on appeal. It will probably be found necessary to dismiss, on motion of the appellee, every appeal where the case is not settled as prescribed, or agreed on by the parties.

The result of a neglect of the prescribed forms of proceeding in the present case, is that the Judge was called on to settle the case so long after the trial, that as he says the incidents of it had faded from his recollection, and counsel on the different sides are unable to agree as to what occurred.

The case to which the Judge gives a qualified and reluctant approval, although quite long yet almost evidently fails to state with fullness and precision the instructions of the Judge to the jury on what seems to be the only contested question in the action.

It seems to be admitted that the attachment of Pender created a lien on the debt from Eppes to Griffin, Brothers & Co.: *Provided,* That debt had not been previously assigned in some valid way to Bayne & Co., and to Kirkland, Chase & Co.

The only evidence as to such assignment was that given by one Chapman who said that in 1868, 1869 or 1870, he was a member of the firm of Kirkland, Chase & Co., in Baltimore, and that Griffin, Brothers & Co., being indebted to them in 1869, verbally agreed to assign to them the Eppes debt in part payment. He does not say that any assignment was actually

made either verbally or otherwise, but merely that Griffin offered to assign, and that his offer was accepted. It is consistent with his evidence that there was merely an executory agreement to assign. Chapman does not state whether the note of Eppes was delivered to him, or whether Griffin was credited with its value as a payment on his debt, or explain why it was that an assignment of this debt as a collateral security was afterwards made and accepted.

The Judge instructed the jury that "if W. H. Griffin turned over *verbally* to the plaintiffs," (meaning thereby as we suppose Kirkland, Chase & Co., and Bayne & Co.,) the interest of Griffin, Brothers & Co., in the Eppes debt, &c., it was a good assignment, and if done prior to the attachment of Pender valid against him ; that it was not necessary that the transfer should have been in writing ; and that though Mr. Bayne of W. Bayne & Co., did tell the witness Pender that the interest or debt assigned to them was transferred as a collateral security for their claim against Griffin, Brothers & Co., that did not make it so, that Mr. Bayne might have thought that it had been transferred as a collateral, when in fact it was transferred as an absolute payment and discharge of their claim against Griffin, Brothers & Co. That they must consider the whole evidence and find as a fact whether it was received as a collateral or as a payment. His Honor then explained to the jury the difference between a collateral and a payment, to which no exception was taken."

The jury found that there was a verbal assignment of the Eppes debt to Bayne & Co., and to Kirkland, Chase & Co., for a valuable consideration, before the attachment of Pender.

On this verdict the Judge directed payment of the fund to Bayne & Co., and to Kirkland, Chase & Co., and Pender appealed.

The brief filed by the counsel for Pender, seems manifestly to have been drawn in reference to a different state of facts, and to different questions, from those which we have before us.

We perceive no positive error in the instructions of the

Judge. A debt may be verbally assigned. We know that it is done daily. The evidence that the debt was here in fact assigned seems weak, but it cannot be said that there was *no* evidence of an executed assignment for value.

There is no error in the judgment below which is accordingly affirmed.

PER CURIAM.                    Judgment accordingly.