CORPORATION COMMISSION v. BANK OF JONESBORO.

(Filed 3 December, 1913.)

**Banks and Banking — Collateral Notes — Provisions as to Future Loans—Creditors.**

Where a bank takes a note with collateral security whereon it is stated that the collateral hypothecated should not only be held to secure the amount of the note, but any amount that may at any time become due which the pledgor may have borrowed from the bank, with reference to these further loans contemplated the collateral used in their payment is not for a pre-existent debt, but for a present consideration existing at the time of making the loans. Hence, when a bank is the pledgor and has become insolvent and in a receiver's hands, its creditors can acquire no right to the collateral superior to that of the pledgor thereof.

APPEAL by Mrs. F. C. Jones *et als.*, exceptors, and Banking, Loan and Trust Company, from *Daniels, J.,* at July Term, 1913, of LEE.

This is a petition to rehear, based upon the ground that the Court overlooked and did not consider a question raised by the appeal, relating to the right of the Loan and Trust Company to retain certain collaterals deposited with it as security for the indebtedness due.

The facts are, that on 18 September, 1911, the Bank of Jonesboro owed the Loan and Trust Company $11,831.60; that on 19 September, 1911, it paid said trust company in money and notes $15,162.31; that of this amount of $15,162.31 the sum of $7,000 was a note of the Bank of Jonesboro secured by the collaterals in controversy, which were deposited under an agreement that they should be held, not only as security for the note of $7,000, but also to secure any other indebtedness the Bank

of Jonesboro might at any time owe the trust company; that the amount paid on 19 September, 1911, including the $7,000 note, gave the Bank of Jonesboro a credit with the Trust Company of $3,330.71; that this credit was exhausted on 16 October, 1911; that the sum of $2,000 was paid on said $7,000 note; that from 16 October, 1911, to the suspension of the Bank of Jonesboro on 6 February, 1912, the indebtedness of the bank to the trust company was increased from time to time until at the latter date it amounted to $16,581.10; that this amount was made up of money advanced by the trust company to enable the Bank of Jonesboro to pay its depositors and to remit for collections made by it; that said collaterals were deposited by Huntley, cashier and manager of the Bank of Jonesboro, and president of the trust company; that during these different transactions the Bank of Jonesboro was insolvent, but this fact was not known to the trust company except as it was affected by the knowledge of its president, Huntley, who did know of the insolvency.

*McIver & Williams and H. A. London & Son for Banking, Loan and Trust Company.*

*Hayes & Bynum, U. L. Spence, and Hoyle & Hoyle for exceptors.*

ALLEN, J. The former opinion in this action was prepared for the Court by the writer of this opinion, and it is true, as alleged in the petition to rehear, that the point now presented as to the right of the trust company to retain the collaterals deposited with it was then made and dismissed, and was not considered by the Court.

It appears, however, from the first brief filed that the ground then chiefly relied on by the appellant was that the deposit of the collaterals was in effect an assignment, and therefore void as a preference, and that this position is now practically abandoned, because it does not appear that the collaterals formed any considerable portion of the assets of the bank; and if a preference, it was made more than four months prior to the suspension of the bank.

The appellant now urges that the deposit of the collateral was to secure a preëxisting debt; that in this transaction Huntley was acting for the trust company, and not against it; that therefore his knowledge of the insolvency of the bank is to be imputed to the trust company; and that as he was the cashier and manager of the bank and president of the trust company, the deposit of the collaterals is fraudulent as to the other creditors.

There is much force in this contention, if the premises are admitted; but it rests upon the assumption that the collaterals were deposited to secure a preëxisting debt, which does not appear to us to be true.

The agreement at the time of the deposit was that the collaterals should not only be held to secure the amount then due, but any amount that might become due at any time, and it appears from the findings of fact that in addition to the balance of $5,000 due on the $7,000 note, the trust company has advanced since that time $11,581.50 on the faith of the collaterals, which has been used in paying depositors of the Bank of Jonesboro, and in remittances for collections. If so, the debt of the trust company, for which the collaterals are held, is not preëxisting.

An agreement in reference to collaterals securing other indebtedness in all material respects like that before us was sustained in *Norfleet v. Insurance Co.,* 160 N. C., 330, and a deposit of collaterals by an insolvent to secure a debt then created was upheld against creditors in *Godwin v. Bank,* 145 N. C., 325, under facts not more favorable to them than those in this case.

The trust company has advanced, under any contention of the appellants under the facts found by the Court, more than $11,000 on the faith of the collaterals, which has been used in payment of depositors and other *bona fide* creditors, and it is no wrong or injustice, upon these facts, to permit it to retain its security according to the agreement of the parties.

We are, therefore, of opinion that the judgment of the Superior Court should be affirmed and the petition dismissed.

Petition dismissed.