F. B. INGOLD ET AL. v. THE CITY OF HICKORY ET AL.

(Filed 10 December, 1919.)

Liens—Materialmen—Laborers—Principal and Surety—Contractor's Bonds—
Municipal Buildings.

> The policy of our law with respect to mechanics and laborers' liens
> upon buildings being built, etc., as evidenced by our statutes and decisions
> thereon, is to give protection to creditors of this class by remedying de-
> fects found in existing laws; and the Laws of 1913 and 1915, Gregory's
> Supplement to Pell's Revisal, sec. 2020-A. p. 2019, expressly provides for
> laborers and materialmen a right of action against the surety on the con-
> tractor's bond for the erection of a municipal building, and any provision
> incorporated in bonds of this character that takes away this right are
> contrary to our public policy and the express provisions of our statute,
> and void.

APPEAL by defendant from *Webb, J.,* at the May Term, 1919, of
CATAWBA.

This is an action brought by the plaintiff against Charles A. Kline,
the city of Hickory, and the American Surety Company of New York,
for material furnished to the defendant, Charles A. Kline, for the erec-
tion of a school building for the defendant, the city of Hickory. The
real purpose of the action is to hold the defendant, the American Surety
Company, liable for the claims of the plaintiffs, on account, and by
virtue, of a bond executed by the defendant, the American Surety Com-
pany, to the defendant, the city of Hickory, in the sum of $3,500. No
judgment was taken by the plaintiffs against the defendant, Charles A.
Kline, and at the close of the plaintiff's testimony a nonsuit was granted
by the court as against the defendant, the city of Hickory. There was
judgment for the plaintiffs against the defendant, the American Surety
Company of New York, for $3,500, the amount of the bond above re-
ferred to, same to be discharged upon the payment of the plaintiff's
claims, and the defendant, the American Surety Company, appealed.
The defendant Kline entered into a contract with the city of Hickory
for the erection of a school building, and executed a bond to the city of
Hickory with the American Surety Company, one of the defendants
herein, as surety.

There is no controversy as to the amount due the plaintiffs for mate-
rials furnished to erect the school building.

The parts of the bond necessary to be set out are the conditions and
section 5, which are as follows:

Conditions of bond:

"Now, therefore, the condition of this obligation is such that if the
principal shall indemnify the obligee against any loss or damage di-

rectly arising by reason of the failure of the principal to faithfully perform and discharge his duties thereunder, in the payment and satisfaction of all claims and·liens for labor and material furnished in the erection of said building under and by virtue of section 2020 A, p. 2019, Gregory's Supplement to Pell's Revisal, vol. 3, session North Carolina Legislature 1913, and chapter 191, Laws 1915, and shall save harmless and fully indemnify the obligee against any and all loss that may accrue for labor or material under and by virtue of the laws of North Carolina, then this obligation shall be void; otherwise to remain in full force and effect: *Provided, however,* and upon the following express conditions, the performance of each of which shall be a condition precedent to any right to recovery hereon."

Section 5 of bond:

"Fifth. That no right of action shall accrue by reason hereof, to or for the use or benefit of any one other than the obligee herein named; and that the obligation of the surety is, and shall be construed strictly as one of suretyship only, shall be executed by the principal before delivery, and shall not, nor shall any interest therein or right of action thereon, be assigned without the prior consent, in writing, of the surety."

The defendant moved to dismiss the action upon the ground that the complaint does not state a cause of action in behalf of the plaintiffs for that:

"1. No one can sue on the bond under section 5 except the city of Hickory, named therein as obligee.

"2. That the bond shows on its face that it was not executed under section 2020-A of Gregory's Supplement because the penalty is only $3,500 when it should have been about $6,500 under this statute.

"3. It is not shown the city of Hickory owes the contractor anything, and there is no contractual relations between plaintiffs and defendant.

"4. That plaintiffs did not give the notice to the city required by section 2020 of Revisal."

*A. A. Whitener for plaintiffs.*
*Harry K. Wolcott and Walter C. Feimster for defendant.*

ALLEN, J. The public policy of this State, relating to claims for labor done and materials furnished, is shown in its legislation, and in the constant effort to remedy defects found in existing law, and to secure the payment of these claims.

The first statute (chapter 117, Laws 1868-9) regulated the filing and enforcement of the lien, but soon after its enactment "It was held by the Supreme Court that no right to a lien was conferred by the statute unless there was a contract, express or implied, with the owner, creating the

relation of creditor and debtor (*Wilkie v. Bray*, 71 N. C., 205), and as a result, subcontractors were excluded from its benefits, because they had no express contract with the owner, and none could be implied from the use of the materials as they were furnished to the contractor, and under the express contract between him and the owner.

"The next step was the act to give subcontractors a lien (chapter 44 Special Session of 1880), which, with the act amendatory thereof (chapter 67, Laws 1887), is now sections 2019 to 2023, inclusive, of the Revisal." *Mfg. Co. v. Andrews*, 165 N. C., 292.

These statutes have been repeatedly sustained, but their operation has been confined to buildings not erected for a public use, such as schoolhouses, etc., and no lien can be secured or enforced against such buildings. *Hardware Co. v. Graded Schools*, 150 N. C., 680, and other cases.

After these decisions the General Assembly, for the purpose of supplying the defect, then enacted the statute now before us (chapter 150, Laws 1913, as amended by chapter 191, Laws 1915, now section 2020-A of Gregory's Supplement), which is as follows:

"Every county, city, town, or other municipal corporation which shall let a contract for the building, repairing, or altering any building, shall require the contractor for such work (when the contract price exceeds five hundred dollars) to execute bond with one or more solvent sureties before beginning any work under said contract, payable to said county, city, town, or other municipal corporation, and conditioned for the payment of all labor done on, and material and supplies furnished for, the said work. . . . Any laborer doing work on said building, and materialman furnishing material therefor and used therein, shall have the right to sue on said bond, the principal and sureties thereof, in the courts of this State having jurisdiction of the amount of said bond, and any number of laborers or materialmen whose claims are unpaid for work done and material furnished in said building, shall have the right to join in one suit upon said bond for the recovery of the amounts due them respectively."

The statute is plain, and leaves no reason for construction. It requires the city, etc., to take a bond with surety "conditioned for the payment of all labor done and material and supplies furnished for the said work," and it provides that all laborers and materialmen may unite in one action "to sue on said bond."

The defendant is not only presumed to know the law, but it has substantially incorporated the statute in the bond by reference to it, and to permit it to insert stipulations, which would destroy its legal effect, or to hold that slight deviations as to form invalidate the bond, would put it in the power of cities, etc., erecting public buildings, and the surety company, to defeat the purpose of the statute by contract, in the absence of the laborer and materialman, for whose benefit the statute was passed.

"A person may lawfully waive by agreement the benefit of a statutory provision. But there is an imputed exception to this general rule in the case of a statutory provision, whose waiver would violate public policy expressed therein, or where rights of third parties, which the statute was intended to protect, are involved." 9 Cyc.; 480, quoted with approval in *Lumber Co. v. Johnson,* 177 N. C., 49.

This authority is conclusive against the defendant upon its principal defense, under section 5 of the bond, which is not only opposed to the public policy of the State as declared in various legislative acts, but also in direct violation of the statute.

The language of the Court in *Armstrong v. Ins. Co.,* 95 Mich., 139, approved in *Gazzam v. Ins. Co.,* 155 N. C., 338, in reference to a standard policy of insurance, is very pertinent to the present controversy. The Court said: "In using the word 'void,' the Legislature certainly did not contemplate that an insurance company might insert a clause not provided for in the standard policy, receive premiums year after year upon it, and when loss occurs, say to the insured, 'Your policy is void, because we inserted a clause in it contrary to the law of Michigan.' Such a result would be a reproach upon the Legislature and the law. The law, so construed, instead of operating to protect the insured, would afford the surest means to oppress and defraud them, and thus defeat the very object the Legislature had in view."

"The law would be false to itself if it allowed a contract to be enforced in the courts against the intent and express provisions of the law." *Cansler v. Penland,* 125 N. C., 580.

There is no requirement in the statute as to notice, and no point seems to have been made in reference thereto on the trial, but it appears that the city of Hickory, the obligee in the bond, knew of all labor done and materials furnished, and as to a part of the plaintiffs, at least, itemized monthly statements were furnished the city, when the city manager gave assurance there was sufficient money due the contractor to pay all the claims, and that the surety company was promptly notified of these claims as required by the bond.

The contract of the defendant is to pay the materialmen and laborers and it must be held to its obligation.

The assignments of error do not conform to our rules, except the one to the refusal to dismiss the action, but as this raises the principal questions discussed in the briefs, we have considered the whole record, and find

No error.