ROBERT H. WARNER ET ALS. AND THE CAROLINA HARDWARE COMPANY v. R. H. HALYBURTON AND FRANK COOPER, PARTNERS, TRADING AS CAROLINA CONSTRUCTION COMPANY, AND T. F. BOYD AND THE BOARD OF EDUCATION OF WAKE COUNTY.

(Filed 19 March, 1924.)

1. **Liens — Contracts — Principal and Surety — Material Furnishers — Statutes—Education.**

A contract for the erection of a public-school building, made with the county board of education, does not expressly or impliedly provide for the payment of claims of material furnishers by the obligation of the contractor to furnish the materials therefor at his own expense, without more; and a surety on the bond for the contractor's faithful performance of his contract is not liable to the material furnishers, either under the contract or under the provisions of C. S., 2445, requiring the school authorities to take a bond with surety from the contractor before commencing the building, and giving materialmen, etc., a right of action thereon.

2. **Same.**

C. S., 2445, before its amendments by chapter 100, Public Laws 1923, requiring, among other things, a county board of education to take a bond with surety for the performance, etc., by the contractor under his contract to erect a public-school building, imposes a new duty on them in this respect, and provides for its enforcement by indictment of the individual members of the board, and no civil liability to the material furnishers, etc., attaches to the board, as such, for a failure to require a sufficient bond for the purpose.

CIVIL ACTION, heard and determined on case agreed, before *Grady, J.*, at February Term, 1924, of WAKE.

From the facts as stated, it appears that in 1922 the Carolina Construction Company contracted with the Board of Education of Wake County to build for the obligee, county of Wake, a public schoolhouse at Apex, N. C., for the contract price of $58,083, payable in specified installments, and to provide, at "their own expense, all labor, material, scaffolding, etc., necessary for the proper performance," etc. And there were various other provisions in the contract looking for the protection of the board of education, one of the contracting parties; that later the construction company entered into a bond in the sum of $15,000, signed by R. H. Halyburton, a member of the partnership, and T. F. Boyd, as surety, for the faithful performance of the contract; that the building was completed according to specifications and paid for as agreed upon; the last payment, $555, being on 6 January, 1923, and on certificate of the architect, as the contract required, and this and all other payments were made without any demand or notice of any existent claims for material or otherwise; that, pending the construction of the

schoolhouse, plaintiffs, supply men, furnished to the contractors building material to a large amount, a large portion of which was paid for, but leaving a balance due the plaintiff hardware company of $490.63 as of 4 November, 1922, and $750 due Campbell-Warner Company as of 18 June, 1922, which is still unpaid.

Upon these, the facts chiefly pertinent to the inquiry, the court .entered judgment that the Board of Education of Wake County had taken a sufficient bond for protection of materialmen, as required by section 2445 of the Consolidated Statutes, and as to them the action be dismissed; that plaintiffs have judgment against defendant partnership and T. F. Boyd, surety, for $15,000 penalty of the bond, to be discharged on payment of the amounts respectively due them, and interest. Defendant T. F. Boyd excepted and appealed.

Plaintiffs also excepted and appealed, "to the extent required to preserve their rights against the Board of Education of Wake County."

*Robert C. Strong for Carolina Hardware Company; N. G. Fonville and S. Brown Shepherd for Campbell-Warner Company, plaintiffs.*
*Gibbons & Legrand for T. F. Boyd.*
*J. M. Broughton for Board of Education of Wake County, defendants.*

HOKE, J.   Section 2445 of the Consolidated Statutes provides that every county, city, town, or other municipal corporation which lets a contract for building, repairing, or altering any building or public road or street shall require the contractor for such work (when the contract price exceeds $500) to give a bond before beginning the work, and payable to said county, city, etc., conditioned for payment of all labor done or material and supplies furnished for said work; that said bond may be put in suit by any laborer or material and supply man having a valid claim; and further, that if the official of said county, city, or town, or other municipal corporation fails to require this bond, he shall be guilty of a misdemeanor, etc.

The contract in question provides that the construction company shall build and complete the schoolhouse at Apex, N. C., providing all the materials, etc., therefor at their own expense, at the price of $58,083. There is no stipulation in the agreement that the contractor shall pay either the laborers or the materialmen, and a perusal of the instruments throughout will show that they are merely designed to secure the satisfactory and proper completion of a turnkey job, so far as the municipality is concerned, and that no interest *ultra* is provided for or contemplated.   The case presented comes directly within the decisions of the Court in *McCausland v. Construction Co.,* 172 N. C., 708, and *Mfg. Co. v. Andrews,* 165 N. C., 285.

The bond signed as surety by the appellant Boyd is that the contract shall be faithfully performed, and, this contract, as stated, containing no stipulation binding his principal to pay either laborers or materialmen, in our opinion, there has been no liability established against the surety.

The claimants, appellees, cite and very largely rely on *Ingold v. Hickory,* 178 N. C., 614, but the case is not an authority for their position. In that case the bond given contained direct stipulation for the payment of laborers and supply men engaged in the work, and expressly referred to the requirements of the statute in further explanation of the true intent and meaning. The decision in *Ingold's case* dealt chiefly with and rejected a claim by the surety that under an added stipulation he could restrict his obligation contrary to the statutory provision, and, as stated, gives no support to the position of appellee as to the liability of the surety on the facts of the present record.

In so far as the liability of the board of education, as such, is concerned, this statute, as it does, imposing a new duty and providing for its enforcement by indictment, on authority this remedy, and none other, must be pursued, and no civil liability will attach to them officially. *James v. Charlotte,* 183 N. C., 630-632; *S. v. R. R.,* 145 N. C., 495-499. Whether the members as individuals may be held civilly liable to claimants is not before us, as they have not been sued in that capacity.

As to any cases of this character to arise in the future, we consider it well to note that the Legislature of 1923 (chapter 100) has amended this section (2445) of the Consolidated Statutes so as to provide that every bond given by a contractor to counties, cities, towns, or other municipal corporations shall, notwithstanding its form, be conclusively presumed to have been taken pursuant to the statute, and the provisions of such statute shall be conclusively presumed to be written in such bond. Section 2 of the amended law provides further that only one action can be brought in such cases, all claimants to be duly notified, and if the aggregate sum shall exceed the amount of the bonds, there shall be a *pro rata* payment. The surety is also allowed, by paying into court in such suit the full amount of the penalty of the bond, to be quit of any other or further liability thereon.

On appeal of plaintiffs, judgment affirmed.

On appeal of surety, judgment reversed.