Civil action heard upon the following agreed facts:
1. On the 29th day of July, 1922, the Board of Trustees of Southern Pines Schools entered into a contract with Hester McElwee for the alteration of a school building at the price of $55,048.00. At the time A. S. Ruggles, P. P. Pelton, J. S. Milliken, Mrs. Rebecca Swett, and M. Y. Poe constituted said board of trustees.
2. Said board of trustees failed to require the defendants, Hester 
McElwee, to furnish a bond as provided by section 2445 of the Consolidated Statutes. In failing to require said bond, the said board and the individual members thereof were acting on the advice of Amar Embury, an architect, who advised them that the work could be easily done for the amount of the bid and that the purchase of a bond would be a useless expense to the board.
3. Of the materials used in said work by Hester McElwee, Noland Company, Inc., (under an agreement with Hester McElwee) furnished materials of the value of $6,073.85, the first of said materials being furnished on 17 August, 1922, and the last of said materials being furnished on 21 May, 1923. At the time said materials were furnished said Noland Company, Inc., thought that a bond had been required in accordance with C. S., 2445, never having been advised to the contrary by the board of trustees or the individual members thereof. The sum of $2,848.99 has been paid to Noland Company, Inc., for said materials; and there is now due to Noland Company, Inc., therefor, the sum of $3,224.86, with interest from 27 September, 1923.
4. Within a few days after said materials were furnished by Noland Company, Inc., the board of trustees learned that Hester McElwee were behind in their payments to the subcontractors and materialmen on said job; and thereupon the said trustees required the said Hester McElwee to furnish a statement of all outstanding accounts due by them for materials and labor furnished on said job. Thereupon the said Hester McElwee furnished said trustees statements of all outstanding accounts due by Hester McElwee for materials and labor on said job, including among said statements an itemized statement of the indebtedness due Noland Company, Inc. Upon receiving these statements the trustees paid to Hester McElwee under their contract a sufficient sum to pay off all outstanding indebtedness, including the entire amount due Noland Company, Inc. The said Hester McElwee, however, applied none of said funds to the payment of the amount due Noland Company, Inc., and after the completion of said building the board of trustees did not have a sufficient sum under said contract to reduce the amount due Noland Company, Inc., below the said sum of $3,224.86. *Page 252 
Plaintiff sues to recover the balance of its account, and seeks to hold the defendant, board of trustees, in its official capacity, as well as the members thereof individually, liable therefor.
His Honor entered judgment against the defendant, board of trustees, in its official capacity, for the balance of plaintiff's claim, and declined to hold the members of the defendant board liable as individuals.
Both sides appeal, assigning errors.
PLAINTIFF'S APPEAL.
The plaintiff's appeal presents but a single question for decision. It is this: Does the failure to exact from the contractors a bond, as required by C. S., 2445, render the individual members of the defendant board of trustees civilly liable for any part of plaintiff's uncollected claim? Under the express terms of the statute and in the light of the better-considered decisions on the subject, we think this question must be answered in the negative. Such was the direct holding in Fore v. Feimster,171 N.C. 551.
For the sake of clearness, it may be well to observe that the law in regard to liens, in so far as it relates to materialmen, is statutory, and not a creature or development of equity jurisprudence. "The `material lien' is by virtue of the statute only." Broyhill v. Gaither, 119 N.C. 443. The principles of equity, therefore, should not be confused with the provisions of the statutes bearing on the subject. Liens are given to subcontractors and those who furnish labor, materials and supplies, to the end that they may effect collections from their debtors, the original contractors, and not for the purpose of rendering the owners primarily liable for such claims. Rose v. Davis, 188 N.C. 355.
The statutes enacted to secure the payment of these claims, and which have been amended from time to time in an effort to remedy defects found in the existing laws, have been construed by us in a number of cases and their operation confined to buildings other than those erected for a public use. It is the uniform holding that no lien can be secured or enforced against a public building. Warner v. Halyburton, 187 N.C. 414 (public school building); Ingold v. Hickory, 178 N.C. 614 (public school building);Scheflow v. Pierce, 176 N.C. 91 (sewer system, town of Tarboro);Hutchinson v. Comrs., 172 N.C. 844 (county home); McCausland v. Const.Co., 172 N.C. 708 (public school building); Fore v. Feimster, 171 N.C. 551
(county home); Hdw. Co. *Page 253 v. Graded School, 150 N.C. 680; S. c., 151 N.C. 507 (public school building); Gastonia v. Engineering Co., 131 N.C. 359 (municipal electric-lighting plant and waterworks pumping station); Snow v. Comrs.,112 N.C. 336 (court house).
The lien laws, therefore, may be put aside as inapplicable to the instant case, being, as it is, an action to recover for materials furnished in the construction of a public school building. Where the property is not subject to a lien, as here, no duty or obligation is imposed upon the owner by virtue of any notice or attempt to acquire a lien thereon. Foundry Co.v. Aluminum Co., 172 N.C. p. 707. No doubt the failure to hold this circumstance clearly in mind led to an inexact dictum in Scheflow v.Pierce, 176 N.C. p. 93; and it is possible that similar expressions may be found in other cases.
In Hutchinson v. Comrs., 172 N.C. 844, the Board of Commissioners of Iredell County, upon notice duly received, paid to a subcontractor (Lon G. Cruse Company) its claim for painting a county home out of funds retained and due the original contractor at the time of notice given. In a suit by the receiver of the original contractor against the board of commissioners to recover the balance due under the contract it was held that, as the subcontractor acquired no lien on the property, and the notice given by it imposed no obligation upon the owner with reference to the amount due the original contractor, such payment was made by the defendant, board of commissioners, upon its own motion, when under no duty to do so, and that the amount so paid could not be allowed as a credit against the balance due the original contractor.
Nor is it a case of common-law origin with additional and elective remedies added by statute. No such right in favor of the material men existed at common law. All their rights and remedies against the owner are statutory; hence we must look to the legislation on the subject in order to ascertain the standard by which the rights of the parties are to be determined. Mfg. Co. v. Andrews, 165 N.C. 285.
As a substitute for the remedies afforded by the lien statutes, where other than public buildings are built, rebuilt, repaired or improved, and in an effort to place public construction somewhat on a parity with private work of a similar kind, the Legislature provided in C. S., 2445, that every county, city, town or other municipal corporation, which lets a contract for building, repairing or altering any building, public road or street, shall require the contractor of such work (when the contract price exceeds $500.00) to execute a bond, with one or more solvent sureties, before beginning any work under the contract, payable to said county, city, town or other municipal corporation, and conditioned for the payment of all labor done or materials and supplies *Page 254 
furnished on said work, and upon which suit may be brought for the benefit of the laborers and materialmen having claims. Warner v. Halyburton, supra. It is further provided that, if the officials of any county, city, town or other municipal corporation, fail to require such bond, they shall be guilty of a misdemeanor.
It was assumed on the hearing and argument that a public school board, such as the one here sued, comes within the purview of this statute, and that the defendant board, under the terms of said statute, was in duty bound to exact a bond from the contractors or suffer the penalties imposed by law for the failure to perform such duty. We shall treat the case on the same basis, following, in this respect, the precedent set by Warner v.Halyburton, 187 N.C. 414.
It is conceded that the defendant, board of trustees, acting on the advice of the architect, did not require a bond of the contractors, and that this is in direct violation of the statute. Such failure is denominated a misdemeanor, and accordingly the members of the board are liable to indictment therefor.
It will be observed that the law imposes no individual duty upon the defendants to exact a bond from the contractors, but this obligation is laid upon the "county, city, town or other municipal corporation," when it, in its corporate capacity, enters into a contract for the erection of a public building or other public construction. The coercive features of the statute are directed against the officials whose duty it is to take the bond, and who fail to do so. The only penalty prescribed for such failure, however, is liability to criminal indictment. Summing up the result of the decisions in other jurisdictions on similar statutes, and adopting the same as a correct interpretation of our own law, it was said in Fore v.Feimster, supra, "that where an act of the Legislature, in reference to a corporate body in its terms imposes a corporate duty, the individuals, as such, composing the corporation or charged with the general management and control of its corporate affairs shall not be held to personal liability unless expressly made so by the statute itself, or unless they have been charged with or have undertaken some individual or personal duty concerning the matter." There is no contention that the present defendants have undertaken any individual or personal duty concerning the matter here in controversy, nor is there any allegation of wilful misconduct on their part.
This being the correct interpretation of the statute now under consideration, we must hold that it was not error for the court to decline to render judgment against the defendants individually.
True, in a number of cases, notably Hipp v. Farrell, 169 N.C. 551; S.c., 173 N.C. 167, it was said, in substance, that one who holds *Page 255 
a public office, administrative in character, and in reference to an act clearly ministerial, may be held individually liable in a civil action, to the extent of any special damages sustained by reason of his failure to perform his official duties; and in Holt v. McLean, 75 N.C. 347, there is a dictum to the effect that, under such conditions, he may also be liable criminally to the public. But these decisions were made in reference to other statutes, and they are not controlling here. The fact that the General Assembly has imposed personal liability in some cases and failed to do so in others is equivalent to a legislative declaration that, in the latter instances, individual liability is not to attach. Expressio uniusest exclusio alterius. Fore v. Feimster, 171 N.C. p. 555, and cases there cited.
The plaintiff's exception, therefore, cannot be sustained; and no error has been made to appear so far as its appeal is concerned.
Affirmed.
DEFENDANTS' APPEAL.