PAGE TRUST COMPANY ET AL. v. CAROLINA CONSTRUCTION
COMPANY ET AL.

(Filed 28 April, 1926.)

**1. Mechanics' Liens—Bonds—Principal and Surety—Municipal Corporations—Statutes—Contracts—Materialmen.**

Where the contractor's bond for the erection of a public building used in connection with the contract does not create a liability on the surety to pay for the materials furnished for the erection of the building, but only the municipality against loss, there is no presumption prior to the enactment of chaper 100, Public Laws of 1923, that the bond incorporated this provision, and under the provisions of C. S., 2445, no liability to the surety will be thereunder created.

**2. Same—Assignment by Contractor of Funds Reserved—Priority.**

Where those furnishing materials, etc., for the erection of a municipal public building have acquired no lien thereon for their payment, and the surety on the contractor's bond has no liability thereunder, the interest of the contractor in the amount reserved for final payment to him is assignable by him in equity for money loaned him to pay for material, etc., also furnished for and used in the buildings, as against the claims of others who have furnished material, etc., for the building, and has priority of payment out of the funds so reserved in accordance with the priority of date of such assignments.

**3. Same—Bills and Notes—Renewal Notes.**

Where the contractor has made a valid assignment as security for money loaned to pay for material, etc., used in a public building, the renewals of his note to the bank lending the money upon the same conditions, are enforceable by the bank as against the unpaid material furnishers, to the same extent as the note originally given.

APPEAL by plaintiffs, other than Page Trust Company and Bank of Hamlet, from *McElroy, J.,* at November Term, 1925, of ANSON. Affirmed.

*Fred J. Coxe, H. P. Taylor, B. F. McLeod, C. W. Tillett, Jr., Frank L. Dunlap, D. B. Smith, Williams & Williams, McLendon & Covington, and Manning & Manning for appellants.*
*Stewart, McRae & Bobbitt for American Surety Company.*
*Gibbons & LeGrand for Bank of Hamlet.*

ADAMS, J. On 16 May, 1922, the Carolina Construction Company contracted with the Board of Trustees of the Wadesboro Graded School to provide all the material and perform all the work necessary for the erection and completion of a school building in Wadesboro, and a few days thereafter executed a penal bond, with the American Surety Company of New York as surety, conditioned to indemnify the board of

trustees against any loss or damage directly arising by reason of the contractor's failure to perform his contract. Owing to financial difficulties the contractor made default, and with his consent and with that of the surety company the board of trustees took over and completed the work at its own expense. In addition to the amount previously paid the contractor, the trustees expended $5,754.15, and after doing so had in their hands as the remainder of the retained percentage the sum of $4,431.08. Several creditors sued the contractor, the surety company, and the board of trustees, on their respective accounts for labor and material; and upon issues joined the cause was referred to R. C. Lawrence as referee, with instructions to hear the evidence and to report his findings of fact and his conclusions of law. The referee made his report in compliance with the order of reference and the appellants filed exceptions. The exceptions were overruled by the trial judge, who affirmed the referee's findings of fact and conclusions of law. The appellants again excepted and appealed. The ultimate object of the action, which was treated as a creditors' bill, is the recovery of judgments against the surety on the contractor's bond.

The first conclusion of law is this: "As the contract does not require the contractor to pay for labor and material, and as the bond does not upon its face extend to cover the claims of laborers and materialmen, there is no liability against the surety company." This, we think, is the correct conclusion. The bond of the surety company was executed in May, 1922. It was not conditioned for the payment of all labor done on and material and supplies furnished for the building, as required by C. S., 2445, but only to indemnify the obligee, the board of trustees, against loss or damage; and the bond is not conclusively presumed to have been given in accordance with the provisions of section 2445 as amended because the amendment which writes this provision into every bond given by any municipal corporation for the erection, repairing or altering of a public building did not become effective until 17 February, 1923. Public Laws 1923, ch. 100. The conclusion reached by the referee and by the judge is sustained by *Mfg. Co. v. Andrews,* 165 N. C., 285; *McCausland v. Construction Co.,* 172 N. C., 708; *Warner v. Halyburton,* 187 N. C., 414; *Brick Co. v. Gentry, ante,* 636. See, also, *Noland Co. v. Trustees,* 190 N. C., 250. In *Ingold v. Hickory,* 178 N. C., 614; *Supply Co. v. Lumber Co.,* 160 N. C., 428; *Gastonia v. Engineering Co.,* 131 N. C., 363, and *Hill v. Surety Co.,* 200 U. S., 107, 50 Law Ed., 437, cited by the appellants, there were stipulations for the payment of debts contracted for labor and material and herein lies the distinction pointed out in *Warner v. Halyburton, supra.*

The appellants say that there was error in holding that the laborers and materialmen had no lien on the school building or on the fund

remaining after the trustees had completed the building and in holding that this fund was the property of the contractor or his assignees. We do not concur, for all doubt seems to have been resolved against this position in a number of our decisions. *Noland Co. v. Trustees, supra; Warner v. Halyburton, supra; Ingold v. Hickory, supra; Scheflow v. Pierce,* 176 N. C., 91; *Hutchinson v. Comrs.,* 172 N. C., 844; *Hall v. Jones,* 151 N. C., 419.

On 24 October, 1922, the contractor borrowed from the Bank of Hamlet $7,000, and wrote upon the face of his note, "To secure this note we assign $7,000 of the amount due us by Wadesboro High School." This money was applied in payment of work done and material used in the construction of the building. The Bank of Hamlet endorsed the note and had it rediscounted by the Bank of Wadesboro, which thereby became a holder in due course. The contractor afterwards made certain payments on the note, and upon his failure to pay the remainder due the Bank of Hamlet took up the note and reacquired title thereto, with the usual rights and remedies. Thereafter the contractor renewed the note from time to time, the last renewal dated 1 April, 1925, being a note in the sum of $4,427.19. This note bore an assignment identical with that which was written on the face of the original note. The contractor gave a written order to the board of trustees to pay the note after its transfer to the Bank of Wadesboro, but the board declined to make payment because nothing could be paid without the architect's certificate. When the contractor notified the trustees to pay the note nothing was due him in excess of the fifteen per cent which was withheld under the contract. It was the purpose of the contractor to assign a sufficient amount of the moneys due or to become due to pay the note to the Bank of Wadesboro, and after it was returned to ratify the assignment and to make it effective. Upon these facts the referee reported the following conclusions of law, which were challenged by the exceptions and affirmed by the judge:

"The assignment made by the contractor to the Bank of Hamlet on 24 October, 1922, when considered in connection with the assignment provisions written in the face of the original notes and renewals thereof, and also when considered in the light of the letter or order of the contractor upon the school board dated 19 May, 1923, constitutes an equitable assignment, certainly as between the bank and the contractor, and as this is the first and superior assignment, and as the amount due will entirely consume the fund in hand, the Bank of Hamlet is entitled to recover the full and entire amount due by the school board to the contractor.

"The Bank of Hamlet is entitled to have and recover of the school board the sum of $4,431.08, balance admittedly due by the school board,

plus the further sum of $............... derived from the sale of the remaining material left over after the completion of the school building."

In considering the exceptions we must not overlook the fact that neither the contract nor the bond required the contractor to pay for labor or material. After the completion of the building the board of trustees had on hand $4,431.08, to which under the written agreement the contractor would have been entitled. The question is whether as against the appellants he had a legal right to make an assignment of this fund to the Bank of Hamlet.

At common law a mere possibility was not the subject of assignment. This rule was applied in the law of contracts; and to give validity to an equitable assignment of money due by contract it was necessary to show that a contract existed and that the money assigned had an actual or potential existence. In *Motz v. Stowe,* 83 N. C., 434, 439, the Court applied the general principle that anything written, said, or done for value in pursuance of an agreement to place a fund out of the owner's control and to appropriate it for the benefit of another constitutes an equitable assignment. Accordingly, it has been held that in equity contingent rights are assignable and that the assignee of a part of a debt acquires in equity a right of action against the assignor. *Brown v. Dail,* 117 N. C., 41; *Williams v. Chapman,* 118 N. C., 943; *Stott v. Franey,* 23 A. S. R., 132, and note; 2 R. C. L., 599. Therefore as between the creditor and his assignee it is not necessary to notify the debtor that the claim has been transferred. *Ponton v. Griffin,* 72 N. C., 362; *Chemical Co. v. McNair,* 139 N. C., 326. And in *Bank v. School Committee,* 121 N. C., 107, it is said that under our statute (C. S., 446), almost any contract that constitutes an indebtedness or money liability may be assigned. See, also, *Godwin v. Bank,* 145 N. C., 320, 326; *Hall v. Jones, supra; Corporation Commission v. Bank,* 164 N. C., 205. The contractor's claim, then, was assignable; and as the exceptions do not present the case of an equitable lien in favor of the creditors based upon the contract, the bond, or any other written instrument intended to charge the particular fund with payment of the appellants' claims (*Garrison v. Vermont Mills,* 154 N. C., 8), we discover no adequate reason for declaring the assignment to the Bank of Hamlet either void or voidable. The remaining exceptions require no discussion.

In our opinion the judgment is free from error and should be
Affirmed.