Civil action to recover for materials furnished by plaintiffs and used by the contractor in the construction of a public school building.
The primary purpose of the suit is to hold the Fidelity and Casualty Company of New York liable for the claims of the plaintiffs by reason of a $15,000 bond executed to the Board of Education of Cumberland County to indemnify it against loss due to any failure of the contractor to complete the school building in accordance with the terms of a written contract. The case was heard on demurrers filed by the Fidelity and Casualty Company to the complaint of the plaintiffs and a cross-bill interposed by the board of education. From judgments overruling the demurrers, the Fidelity and Casualty Company of New York appeals.
The office of a demurrer is to determine the sufficiency of a pleading, admitting, for the purpose, the truth of the allegations of fact contained therein. Whitehead v. Tel. Co., 190 N.C. 197; Davies v. Blomberg,185 N.C. 496.
The plaintiffs allege in their complaint that L. Gentry, a contractor, entered into a written agreement with the Board of Education of Cumberland County 11 July, 1922, for the erection of a school building at Linden, N.C. in which it was stipulated, among other things, that "the contractor shall provide and pay for all materials, labor, water, tools, equipment, light and power necessary for the execution of the work"; that in pursuance of its duty under C.S., 2445, and for a valuable consideration, the board of education, on 13 July, 1922, took from the contractor, as principal, and the Fidelity and Casualty Company of New York, as surety, a bond in the sum of $15,000 for the faithful performance of said contract, the condition of the bond being "that if *Page 638 
the principal shall indemnify the obligee for all loss that the obligee may sustain by reason of the principal's failure to comply with any of the terms of the contract, then this obligation shall be void; otherwise it shall remain in force"; that the plaintiffs, relying upon said bond as security, furnished certain materials to the contractor which were used by him in the partial erection of said school building, but for which he has failed to pay the plaintiffs, and they demand judgment against the defendants for the amount of their claims, to wit, $756.57 and $627.00. It is further alleged that the contractor failed to complete the building; that he abandoned the work, and his present whereabouts is unknown, and for this reason he has not been served with summons in the instant action.
The bond, which is attached to and made a part of the complaint, contains the further provision: "No right of action shall accrue hereunder to or for the use or benefit of any one other than the obligee, and the obligee's rights hereunder may not be assigned without the written consent of the surety."
There is no provision in the contract, which is also attached to and made a part of the complaint, requiring that a bond be given, the only reference to a bond being "owner to pay bond premium, if bond required."
Do these allegations, taken in connection with the instruments themselves, entitle the plaintiffs to recover on the bond given by the Fidelity and Casualty Company of New York? We think not.
True, it is provided in C.S., 2445, that every county, city, town or other municipal corporation, which lets a contract for building, repairing or altering any building, public road or street, shall require the contractor of such work (when the contract price exceeds $500.00) to execute a bond, with one or more solvent sureties, before beginning any work under the contract, payable to said county, city, town or other municipal corporation, and conditioned for the payment of all labor done or materials and supplies furnished on said work, and upon which suit may be brought for the benefit of the laborers and materialmen having claims.Noland Co. v. Trustees, 190 N.C. 250.
And it is alleged that the bond in suit, which is attached to and made a part of the complaint, was taken and given in view of the requirements of this statute and for the protection of the plaintiffs, as well as for the protection of the county board of education, but it will be observed that the bond is one of strict indemnity, the Board of Education of Cumberland County being the obligee mentioned therein, and it is not conditioned, as required by the statute, for the payment of all labor done or materials and supplies furnished on said work. Hence, as the bond is attached to and made a part of the complaint, the allegation *Page 639 
that it was taken and given in view of the requirements of the statute for the protection of the plaintiffs and to insure the faithful performance of the contract as it relates to them, must be considered more in the nature of legal conclusions of the pleader, rather than allegations of fact.Surety Co. v. Excavation Co., 61 Okla. 219, L.R.A., 1917, p. 558. It is not nominated in the bond that it is given for the faithful performance of the contract as it relates to the plaintiffs; and the only reference in the contract to the bond is, "owner to pay bond premium, if bond required." On the other hand, it is expressly stipulated in the bond that it is given to "indemnify the obligee," the Board of Education of Cumberland County, and that "no right of action shall accrue hereunder to or for the use or benefit of any one other than the obligee."
Conclusions of law are not admitted by a demurrer. Bank v. Bank,183 N.C. 466. "It is fully recognized that, for the purpose of presenting the legal question involved, a demurrer is construed as admitting relevant facts, well pleaded, and ordinarily relevant inferences of fact, necessarily deducible therefrom, but the principle is not extended to admitting conclusions or inferences of law," etc. — Hoke, J., inBoard of Health v. Comrs., 173 N.C. 250.
The principle is well established by many authoritative decisions, here and elsewhere, that in determining the surety's liability to third persons on a bond given for their benefit and to secure the faithful performance of a building contract as it relates to them, the contract and bond are to be construed together. Mfg. Co. v. Andrews, 165 N.C. 285. In application of this principle, recoveries on the part of such third persons, usually laborers and materialmen, though not expressly named therein, are generally sustained where it appears, by express stipulation, that the contractor has agreed to pay the claims of such third persons, or where by fair and reasonable intendment their rights and interests were being provided for and were in the contemplation of the parties at the time of the execution of the bond. Lumber Co. v. Johnson, 177 N.C. 44; Supply Co. v. LumberCo., 160 N.C. 428; Gastonia v. Engineering Co., 131 N.C. 363; Morton v.Water Co., 168 N.C. 582; Gorrell v. Water Supply Co., 124 N.C. 328. The obligation of the bond is to be read in the light of the contract it is given to secure, and ordinarily the extent of the engagement, entered into by the surety, is to be measured by the terms of the principal's agreement.Brown v. Markland, 22 Ind. App., p. 655; Dixon v. Horne, 180 N.C. 585;Scheflow v. Pierce, 176 N.C. 91.
Here, the contract contains the express stipulation that "the contractor shall provide and pay for all materials, labor, etc., necessary for the execution of the work," but the obligation of the bond is not for the faithful performance of the contract as it relates to the plaintiffs; *Page 640 
the surety agrees to indemnify the obligee, and no one else, against all loss that the obligee may sustain by reason of the principal's failure to comply with any of the terms of the contract; and all other persons are expressly excluded from its protective provisions. A similar limitation was upheld in Mfg. Co. v. Andrews, supra. It is a principle too well established to require the citation of authorities that "as a party consents to bind himself, so shall he be bound." Ins. Co. v. Durham County,190 N.C. 58; Nash v. Royster, 189 N.C. p. 416. See Cleveland MetalRoofing, Etc., Co. v. Gaspard, 89 Ohio St. 185, as reported in 39 Ann. Cas., 745, and note, where the pertinent authorities are collected by the annotator. See, also, Dunlap v. Eden, 15 Ind. App. 575, a case identical in principle and practically on all-fours with the one at bar.
Plaintiffs rely chiefly upon Ingold v. Hickory, 178 N.C. 614, but in that case the bond contained direct stipulation for the payment of laborers and materialmen, and expressly referred to the requirements of the statute in explanation of its true meaning and intent. It was held in Ingold'scase, and rightly so, we think, that where a bond was given in compliance with the requirements of the statute, the surety might not, in such case, restrict its liability to suit contrary to the statutory provision, for this would be to uphold a stipulation directly opposed to the public policy of the State, and thus enable the parties, by private agreement, to set the statute at naught in direct violation of its terms. And here, if it did not clearly appear, from the terms of the bond, that it was not given in view of the requirements of the statute for the protection of the plaintiffs and to insure the faithful performance of the contract as it relates to them, we should be disposed to hold the stipulation, restricting the surety's liability to suit, void as being contrary to the public policy of the State as expressed in the statute.
The instant case is controlled by the decisions in Warner v. Halyburton,187 N.C. 414, McCausland v. Construction Co., 172 N.C. 708, and Mfg.Co. v. Andrews, 165 N.C. 285. On authority of these cases, and the principle they illustrate, we are of opinion that the demurrer of the Fidelity and Casualty Company of New York to the complaint of the plaintiffs should have been sustained.
We may add that the Legislature of 1923 (chap. 100) amended section 2445 of the Consolidated Statutes so as to provide that every bond given by a contractor to any county, city, town or other municipal corporation, for the building, repairing or altering of any building, public road or street, as required by this section, "shall be conclusively presumed to have been given in accordance therewith, whether such bond be so drawn as to conform to the statute or not, and this statute shall be conclusively presumed to have been written into every such bond so *Page 641 
given." It is further provided in the amended law that only one action may be brought on such bond, all claimants to be duly notified, and if the aggregate sum exceeds the amount of the bond, there shall be a pro rata payment. The surety is also allowed, by paying into court in such suit the full amount of the penalty of the bond, to be relieved from any other or further liability thereon.
This amendment, of course, can have no effect on the present case, as the bond in suit was given prior to the amendment. Such was the holding inWarner v. Halyburton, supra.
But we are of opinion that the demurrer to the cross-bill or cross-complaint of the Board of Education of Cumberland County was properly overruled.
The demurrer to the cross-complaint is bottomed on a stipulation in the bond to the effect that "legal proceedings for recovery hereunder may not be brought unless begun within twelve months from the time of the discovery of the act or omission of the principal on account of which claim is made." All the parties agree that this limitation is controlled by C.S., 6290.Lumber Co. v. Johnson, 177 N.C. 44. It is a contractual limitation, fixing the time within which suit must be brought, inserted for the benefit of the Casualty Company and may be waived by it. Dibbrell v. Ins. Co.,110 N.C. 193. True, it is made a condition precedent to the right of recovery, though not an integral part of the cause of action, and, being a matter affecting only the remedy, it need not be alleged in the complaint.Bank v. Fidelity Co., 126 N.C. 320; Sharrow v. Inland Lines,214 N.Y., 101, as reported in 57 L.R.A. (N.S.), 1192, and note. The plaintiff is not bound to assume that the defendant will take advantage of a matter which may be waived. Bank v. Britton, 66 N.C. 365. It is not like a condition or stipulation in the agreement upon the performance of which the plaintiff's right of action depends, there being a distinction in this respect between a condition precedent which affects the right of action itself and one which operates only upon the remedy after the cause of action has accrued. Culbreth v. R. R., 169 N.C. 723.
We have not overlooked the decisions in Bennett v. R. R., 159 N.C. 345,Hall v. R. R., 149 N.C. 108, Gulledge v. R. R., 147 N.C. 234 (on rehearing), 148 N.C. 568, Roberts v. Ins. Co., 118 N.C. 429, Best v.Kinston, 106 N.C. 205, Taylor v. Iron Co., 94 N.C. 526, and others of like character, nor are they at variance with our present position, for in each of these cases the court was dealing with a statutory provision limiting the time for suit which affected, not merely the remedy, but the right of action itself. See, also, Belch v. R. R., 176 N.C. 22, and cases there cited. *Page 642 
Of course, where the defect appears on the face of the complaint, it may be taken advantage of by demurrer. Holly v. Assurance Co., 170 N.C. 4. This is not our case.
It is alleged in the cross-complaint that the contractor "stopped work upon said building prior to 18 April, 1923, and thereafter wrongfully failed and refused to complete the same, or comply with the terms of his contract"; that the defendant Fidelity and Casualty Company of New York was notified of said failure on 11 April, 1923; and that by reason of the failure of the contractor and the Casualty Company to finish said building, the Board of Education of Cumberland County has had to complete the same at great loss, etc.
Summons in this action was issued 10 March, 1924, but it is alleged that the cross-complaint of the board of education was not filed until 12 July, 1924, hence the Casualty Company says that no legal proceeding for recovery under the bond was begun by the board of education until the filing of its cross-complaint 12 July, 1924, and this was more than twelve months from the time of the discovery of the act or omission of the principal on account of which claim is made. Capps v. R. R., 183 N.C. 181.
But it does not appear from the allegations of the cross-complaint when legal proceedings were begun for recovery on the bond by the Board of Education of Cumberland County; hence, to this extent at least, the plea interposed by the Casualty Company is in the nature of a "speaking demurrer," which is not allowed with us. "When any of the matters enumerated as grounds of demurrer do not appear on the face of the complaint, the objection may be taken by answer." C.S., 517.
A demurrer can be sustained, and it is only appropriate, when the defect or objection appears on the face of the pleading, as it is not the province of a demurrer to state objections not apparent on the face of the pleading to which it is directed. A "speaking demurrer," as styled by the books, is one which invokes the aid of a fact, not appearing on the face of the complaint, in order to sustain itself, and is condemned, both by the common law and the Code system of pleading. Besseliew v. Brown, 177 N.C. 65;VonGlahn v. DeRossett, 76 N.C. 292.
There was error, however, in overruling the demurrer to the plaintiffs' complaint. Let the cost of this appeal be divided between the plaintiffs and the Fidelity and Casualty Company of New York.
Error. *Page 643