The appeal of the defendants also presents but a single question for decision: Does the failure to exact from the contractors a bond, as required by C. S., 2445, render the defendant, board of trustees, in its official capacity, civilly liable for any part of plaintiff's uncollected claim? This precise question was before the Court in Warner v. Halyburton,187 N.C. 414, and decided in the negative. Mr. Justice Hoke (later ChiefJustice), speaking for the Court, said: "In so far as the liability of the board of education, as such, is concerned, this statute, as it does, imposing a new duty and providing for its enforcement by indictment, on authority this remedy, and none other, must be pursued, and no civil liability will attach to them officially."
The defendants' exception, therefore, must be sustained. It was error to render judgment against the defendant, board of trustees, in its official capacity.
In answer to the plaintiff's argument that the conclusions here reached leave the laborers and materialmen without adequate protection against officials defaulting in their duty, it is sufficient to say that criminal indictment is the only remedy prescribed by the statute, and we must declare the law as we find it. The Legislature alone may change it, if it is thought to be inadequate. Plaintiff's rights and remedies against the defendant board and its members are statutory, and the courts are not at liberty to extend a penal statute, or one of this kind, beyond the clear meaning of its terms. "The legislative intent must be the controlling spirit in the construction and application of statutes of this nature." — Varser, J., in Finance Co. v. Hendry, 189 N.C. p. 554. Then, too, it should be remembered, the plaintiff furnished *Page 256 
materials to the contractors without knowing, or without making any inquiry, as to whether a bond had been given or exacted in accordance with the provisions of the statute. It is the duty of those who accept public office to obey the law, not to disregard it, and they are liable, according to the penalty prescribed, for their failure to do so; but, in the instant case, the plaintiff could easily have ascertained by inquiry as to whether the bond had been given or exacted, and it is presumed to have known that criminal indictment of the members of the defendant, board of trustees, was the only penalty named for the failure of the corporation to exact such bond.
Error.