FRANK W. THORNTON v. A. G. THORNTON, and others.

A purpose to damage does not make an act, otherwise lawful, *injurious* in a legal sense.

The relation between a creditor and a surety does not oblige the former to active diligence in collecting his debt out of the principal.

The damage received by a surety in consequence of the creditor's countermanding an execution ordered by the former against the property of the principal under a judgment obtained by the creditor against principal and surety both, is *damnum absque injuria*, and gives the surety no cause of complaint which a Court will hear.

Where such creditor, in his character as an attorney, obtained an adjudication in bankruptcy against the principal judgment debtor, and thus prevented any lien from attaching upon a part of his property, *Held*, that the surety could not complain.

(*Bizzell* v. *Smith*, 2 Dev. Eq. 271, *Cooper* v. *Wilcox*, 2 D. & B. Eq. 90, *Nelson* v. *Williams*, *Ib.* 118, *Pipkin* v. *Bond*, 5 Ire. Eq. 91, *Carter* v. *Jones*, *Ib.* 196, *Smith* v. *McLeod*, 3 Ire. Eq. 390 cited and approved.)

MOTION to dissolve an Injunction, heard before *Buxton, J.*, at Fall Term 1868 of the Court of Equity for CUMBERLAND.

The plaintiff alleged that he was surety to the defendant Thornton upon a bond due to the defendant Hinsdale as the administrator of one Johnston, and that judgment had been taken thereon in Cumberland County Court, which judgment specified the relative situations of the defendants therein, as *principal* and *surety :* that on an execution thereunder certain property of the principal had been sold; that the said principal had considerable landed estate in the counties of Harnett, Johnston and Moore, to which executions had not been issued, and thereupon the plaintiff Thornton, as surety, had on the 16th day of May 1868, called upon the clerk to issue executions to such counties, but that Hinsdale had refused to allow them to be issued, and had issued another to Cumberland county and was threatening to sell the plaintiff's goods, &c., thereunder, and also that as attorney for certain northern creditors, on the 4th of May, 1868, he had caused a *fiat* in bankruptcy to be issued against the defendant Thornton, thereby preventing any lien upon his property in other counties, to be

created under said judgment. The prayer was that Hinsdale should be enjoined from further proceeding upon the execution against the plaintiff, and for further relief.

The defendants answered, and upon motion of the defendant. Hinsdale, his Honor below dissolved the injunction, and the plaintiff appealed.

*B. Fuller and Merrimon,* for the appellant.

*Hinsdale, contra.*

The case stated by the bill does not warrant the relief sought; as a creditor is not bound, in favor of a surety, to use active diligence against the principal. *State Bank* v. *Wilson,* 1 Dev. 484; *Coooper* v. *Wilcox,* 2 D. & B. Eq. 90; *Nelson* v. *Williams, Ib.* 113; *Pipkin* v. *Bond,* 5 Ire. Eq. 91; *Carter* v. *Jones, Ib.* 196; *Smith* v. *McLeod,* 3 Ire. Eq. 390; *Bizzell* v. *Smith,* 2 Dev. Eq. 28; Byles on Bills, 239 and cases cited; *Trimble* v. *Howe,* 16 John, 152, *Beebe* v. *Bank,* 7 W. & S. 375. He may even withdraw an execution already levied on property of the principal, without giving surety a legal right to complain. *Forbes* v. *Smith,* 5 Ire. Eq. 369, *Pole* v. *Ford,* 2 Chitty 126.

No lien can be created under a *fi. fa.* after an adjudication of bankruptcy. Act of 1867, ss. 21 and 44, *Jones* v. *Leach,* 5 Law Rep. 55; *Pennington* v. *Sale,* 1 B. R. 157. In re *Smith,* 1 B. R. 169; *Crawshay* v. *Thornton,* 2 Myl. & Cr. 1; *Hutton* v. *Cooper,* 6 Ex. 159; Deac. Bank, 469 n. 5.

RODMAN, J. The bill in this case complains that certain acts were done by the defendant Hinsdale fraudulently, and for the purpose of injuring the plaintiff. This averment is quite immaterial if the acts of the defendant were lawful; because in such a case, if they damaged the plaintiff, it would be *damnum absque injuria.* An injury is damage resulting from an unlawful act,—Sedgwick on Dam. 31. The maxim is true " *actus non reus, nisi mens sit rea;*" but it does not follow that the purpose to damage makes an act, otherwise lawful, injurious in the legal sense. A creditor may purpose to oppress

and break up his debtor; nevertheless, he is entitled to recover his debt.

The question presented is thus cleared of immaterial allegations, and left to rest upon the acts of the defendant Hinsdale.

The relations between a creditor and a surety are pretty well settled in this State. The creditor is not bound to sue, or to active diligence in collecting his debt out of the principal debtor. But if the creditor gives time to the principal debtor, that is, if by any valid contract he debars himself from the immediate prosecution of his remedy, or if he releases any security which may have been acquired from the principal debtor, he thereby discharges the surety. This principle will be found established in a number of cases. *Bizzell* v. *Smith*, 2 Dev. Eq. 27; *Cooper* v. *Wilcox*, 2 D. & B. Eq. 90; *Nelson* v. *Williams*, 2 D. & B. Eq. 118; *Pipkin* v. *Bond*, 5 Ire. Eq. 91; *Carter* v. *Jones*, 5 Ire. Eq. 196, *Smith* v. *McLeod*, 3 Ire. Eq. 390. It is contended that the creditor is bound to protect his "potentialities," as strictly as he is any complete liens, which he may have acquired. This doctrine may prevail in some of the States, but has never been recognized in North Carolina. If the creditor is bound to take out an execution, it may, with equal reason be held that he is bound to bring suit; and the principle would necessarily lead to the imposing the duty of active diligence on the creditor, a doctrine which has been often distinctly denied in this State.

It remains to inquire, how the acts of the defendant Hinsdale, are qualified by these principles. At March Term 1868, of Cumberland County Court, the defendant Hinsdale, recovered a judgment against A. G. Thornton, and the plaintiff Frank Thornton, and others, who were sureties of A. G. Thornton. A *fi. fa.* immmediately issued to the county of Cumberland, which was levied on certain property, among which was a house in Fayetteville, which was not sold by reason of a military order prohibiting it. The plaintiff took out an *alias fi. fa.* to Cumberland county, tested of June Term 1868, which continued his lien on the property of the principal debtor.

So far clearly nothing was done to the injury of the surety. The main complaint, however, is that the creditor not only failed to issue his *fi. fa.* to the counties of Moore, Harnett and Johnston, where the principal debtor had property, but refused to allow the sureties to do so, and countermanded an execution which the sureties had procured to be issued. We are inclined to think that if the execution had issued, it would have given the plaintiff in the judgment a lien on the property of the defendant in those counties, paramount to the claim of the assignee in bankruptcy. In the view that we take of this case, it is unnecessary to decide that question; we assume that the sureties were damaged by the omission.

But was it the special duty of the creditor to issue the execution? It was in the power of the sureties, by paying off the judgment, and taking an assignment of it for their use, to have obtained a full control over all the remedies which were in the power of the plaintiff. This might have been inconvenient to them, but it was a part of the liability which they had assumed by their contract, and from which the plaintiff was under no obligation to relieve them. If they were damaged, it was a damage without injury, inasmuch as it was not occasioned by any unlawful act of the creditor, or by the omission of any duty which he was bound to perform.

But the plaintiffs in this case complain that Hinsdale, as attorney for certain Northern creditors of the principal debtor, obtained an adjudication in bankruptcy against the principal debtor on the 4th of May 1868. There was nothing unlawful in this, and even if the purpose of Hinsdale were such as is charged, that, as has been shown, would not convert a lawful act into an unlawful one.

We do not think that sections 124 and 125, ch. 31, of the Revised Code have any bearing in this case. Section 125 is directed to the sheriff. The plaintiff in his execution must follow the judgment; he must sue it out against all the defendants; the execution having been placed in the hands of the sheriff, he must first sell the property of the principal, if he have any; but the plaintiff cannot be supposed to know that

the principal has property, and cannot control the order in which the sheriff sells.   The injunction must be dissolved, and the defendant will recover his costs in this Court.

Let this be certified, &c.

PER CURIAM.                         Injunction dissolved.