### W. H. HOWERTON v. F. H. SPRAGUE.

Where the defendant, upon a motion to dissolve an injunction, uses his answer as an affidavit, the plaintiff has a right to offer affidavits additional to his complaint.

Where a creditor, by a binding contract, gives further time to the principal in a debt, this discharges the surety, " by matter in pais." Such discharge cannot be enforced by a Justice of the Peace, but by the Superior Court only ; *therefore*,

In a case in which the creditor had taken out a process against the principal and surety before a Justice of the Peace, and had obtained judgment and levied an execution upon the goods of the principal, which subsequently he had instructed the officer to deliver up, upon, as was alleged, some binding contract to give such principal further time ; *Held*, that the transaction did not amount to. a *satisfaction* of the execution, but merely to a discharge by matter in pais ; to enforce which the surety did right in resorting to an injunction in the Superior Court.

( *Clark* v. *Clark, ante* 150, approved.)

INJUNCTION, heard upon motion to dissolve, before *Cloud, J.*, at Spring Term 1870 of ROWAN Court.

The plaintiff was indebted to the defendant, as surety for one Long. The latter had taken out proceedings against his debtors before a magistrate, and had obtained judgment and issued an execution, which was levied upon personal property of Long sufficient to satisfy it. Whilst this levy existed, a conversation and transaction took place between Sprague and Long. This was said by the plaintiff to have been without his knowledge and against his consent, and to have amounted to the giving of further time to the principal debtor. It was also alleged by the plaintiff that Sprague therein consented to waive the levy made by the officer, as above. Upon this the plaintiff commenced an action in the Superior Court, and obtained an injunction therein from Mr. Justice Settle, of the Supreme Court. The defendant answered, denying the material allegations in regard to the character of the transaction with Long, and the plaintiff's ignorance thereof, or dissent thereto.

At the hearing before Cloud, J., after the complaint and the answer had been read, the plaintiff offered the affidavits of the officer and of Long, in support of his case, but, upon objection by the defendant, the Court rejected them.

Order vacated ; appeal by the plaintiff.

*Boyden & Bailey* and *Clement*, for the appellant.
*Blackmer & McCorkle, contra.*

1. Affidavits could not be offered by Pl'ff : C. C. P. §196; *Clark* v. *Clark, ante* 150.

2. Assuming that the levy was a satisfaction of the execution, an injunction was not the proper remedy ; for the magistrate granting the execution had the power to vacate the same, by a motion in the cause : *Foard* v. *Alexander, ante* 71.

3. If the Superior Court did have jurisdiction, the injunc-

tion could only be granted by the Judge of the District where the action was triable : C. C. P. §§344 and 345, Paragraph 3. No notice of the application given, therefore erroneous : C. C. P. §345, Par. 5 ; *Foard* v. *Alexander, ante* 71.

4. *Audita querela* is the remedy where *fii. fa. is satisfied* : 2 Saund. Rep. 147, note (1) ; *Parker* v. *Jones*, 5 Jon. Eq. 276.

5. The levy was not satisfaction : *Benford* v. *Alston*, 4 Dev. 351 ; also, *King* v. *Morrison*, 2 Dev. 341 ; *Stockton* v. *Briggs*, 5 Jon. Eq. 314 ; *Parker* v. *Jones, Ib.* 278.

PEARSON, C. J. If personal property sufficient to satisfy an execution be levied on, the debt is thereby satisfied, unless the property is destroyed without default, or unless the property is delivered back to the defendant in the execution. Consequently the debt here was not satisfied by the levy.

The plaintiff insists that the creditor without his consent entered into a binding contract with the principal debtor to give further time, the effect of which was to discharge him, the plaintiff, from further liability as surety.

It is a well settled principle of equity as between creditor and surety, when the creditor by a binding contract and not a mere *nudum pactum*, gives further time to the principal debtor, the surety is " discharged by matter in pais," as it is termed in the books. Of this equitable discharge the Justice of the Peace had no jurisdiction ; the equity could only be enforced by the Superior Court. It would have been otherwise if the debt had been *satisfied.* His Honor, therefore properly took jurisdiction, and heard the motion to dissolve the injunction, upon the complaint and answer, and argument of counsel. But he fell into error in rejecting the additional affidavits offered by the plaintiff, by not adverting to the fact that on hearing the motion, the answer as well as well as the complaint was to be treated as an affidavit.

Had the defendant put his motion on the insufficiency o the matter set out in the complaint, the plaintiff would not have been allowed to offer additional affidavits ; but when he used the answer as an affidavit, it opened the door and let in additional affidavits : C. C. P. §196 ; *Clark* v. *Clark, ante* 150.

There is error.   This will be certified.

Per Curiam.                                Reversed.