ELI E. DEAL *vs.* D. C. COCHRAN *et al.*

1. If a creditor enters into any valid contract with a principal debtor, without the assent of the surety, by which the rights or liabilities of the surety are injuriously affected, such contract discharges the surety. Mere delay on the part of the creditor to sue for or collect the debt, or even his refusal to do so, when requested by his surety, or his express promise of indefinite indulgence, does not discharge the surety.

2. When a creditor held a note given in 1859, and the principal debtor proposed to pay the same in Confederate money in 1863, which the creditor declined to receive, but made an agreement that, if the debtor would postpone the payment, interest should cease "from that time until a demend;" *Held*, that such an agreement did not amount to forbearance for any definite or specified time, nor increase the risk of the surety in any way, and could not therefore discharge him from liability. It would seem that if the agreement had been to forbear until the end of the war, it would have been *nudum pactum*, and therefore not binding.

*Pipkin* v. *Bond*, 5 Ire. Eq. 91. *Howerton* v. *Sprague*, 64 N. C. 451, cited and approved.

This was a civil action on a note for $372, dated May 6th, 1859, tried before Mitchell, Judge, at Fall Term 1871, Catawba Superior Court.

The execution of the note was admitted. The defendants introduced testimony to show that the principal in the note

proposed to pay the same in Confederate money in 1863, which the plaintiff declined to receive, but agreed with him, that if he would postpone the payment, he (plaintiff) would release him from interest from that time on, and that the proposition was agreed to.

Plaintiff introduced testimony to show that the agreement was different, viz : that he was to release the interest from the 28th of July, 1863, until the end of the war.

It was submitted to a jury to ascertain the facts ; the jury found that the "agreement began on the 28th of July, 1863, and ended on demand of the plaintiff, 28th of Sept. 1868."

The defendant Cochran, "who was a surety," insisted that the agreement between between the plaintiff and the principal debtor without his knowledge or consent, discharged him (Cochran) from payment of the debt.

His Honor held otherwise, and rendered judgment against all the defendants for the principal and interest of the note, excluding the interest between the 28th of July, 1863, and the 28th of Sept., 1868.

Ruled for a new trial ; rule discharged. The defendant Cochran appeals from the judgment of the Court.

*Schenck* and *W. H. Bailey,* for plaintiff.
*Bynum* and *J. L. McCorkle,* for defendant.

Reade, J. It is well settled, that if the creditor enters into any valid contract with the principal debtor, without the assent of the surety, by which the rights or liabilities of the surety are injuriously affected, such contract discharges the surety. A familiar instance of this is, where a creditor binds himself not to sue for, or collect the debt for a given time ; and thereby puts it out of the power of the surety to pay the debt, and sue the principal debtor.

It is equally well settled, that mere delay on the part of the creditor to sue for or collect the debt, or even his refusal to do

ELI E. DEAL v. D. C. COCHRAN.

so when requested by the surety, or his express promise of indefinite indulgence, does not discharge the surety; because the creditor is not obliged to be active, and because it is the duty of the surety to see that the principal debtor pays, or else to pay the debt himself. *Pipkin* v. *Bond*, 5 *Ire. Eq.*, 91. *Howerton* v. *Sprague*, 64 *N. C.*, 451.

It remains to be seen how these principles affect the case before us.

The plaintiff states the case more strongly for the defendant than the defendant does for himself; and the defendant states it more strongly for the plaintiff than the plaintiff does for himself, which is noticeable liberality.

The jury found not exactly as alleged by either.

The plaintiff alleged that the principal debtor had offered to pay the debt in Confederate Treasury notes, which were depreciated, and which he, the plaintiff, did not wish to take; and he agreed, that if the debtor would postpone the payment, he would not charge any interest "from that time until the end of the war."

The defendant alleged the same agreement, except that according to his allegation, no interest was to be charged "from that time on." The difference is, that the plaintiff alleged that he was not to charge interest until the war was ended, and then he might charge interest; whereas, the defendant alleged that he was not to pay any more interest at all.

If the agreement had been as alleged by plaintiff, that he was not to charge interest until the end of the war, and the agreement had been supported by a sufficient consideration, it might possibly be construed to mean, *forbearance of the debt* until the end of the war. And if so, the plaintiff could not have collected the debt of the principal debtor until the end of the war, nor could he have received it of the surety, and allowed the surety to sue the principal debtor, which would have essentially increased the risk of the surety, and would have discharged him.

If the agreement had been as alleged by the defendant, that interest was to cease "from that time on," without fixing any time, it left the plaintiff free to put an end to the agreement at any time; to collect the debt; and so it left the surety free to pay the debt at any time.. The question, was however, left to the jury, and they found that the agreement was, that interest was to cease "from that time, until the demand by the plaintiff."

This, of course, left the plaintiff free to demand payment at any moment, and left both the principal debtor and the surety free to pay at any moment. So that the agreement as stated by the defendant, and the agreement as found by the jury, did not amount to forbearance for any definite or specified time; but left the plaintiff free to demand payment at any moment, and left both the principal and the surety free to pay at any moment, and in no way increased the risk of the surety.

The only effect of the agreement was to inure to the benefit of both the principal debtor and surety by releasing the interest. If it has so turned out, that by the result of the war, they have had to pay in a currency different from that which was tendered at the time of the agreement, that is only the *accident* and not the necessity of the agreement. And it seems that no injustice results, as the debt was contracted before the war, and was payable in par funds. If any injustice results, it is to the plaintiff, for by the finding of the jury he lost interest from the time of the agreement in 1863, until the demand in 1868.

We have decided the case according to the finding of the jury as to the agreement; but we do not desire to be understood that our decision would have been different upon the facts as alleged by the plaintiff; for even if the agreement had been to forbear until the end of the war, it would seem to have been without a consideration to support it *nudum pactum*, and therefore not binding.

The whole transaction seems to us to have been simply an

evasion by the plaintiff of the offer of the debtor to pay the debt in depreciated currency, which the plaintiff had the right to refuse, and a naked promise on the part of the plaintiff not to charge interest, which he had the right to charge, if he were not put to the disagreeable necessity of refusing the depreciated currency.

There is no error.

PER CURIAM.                                   Judgment affirmed.