PIEDMONT LUMBER COMPANY and A. C. BIRDSALL *v.* J. W. CHRISTENBURY and WIFE.

(Filed 24 May, 1911.)

1. Mortgages—Collateral—Foreclosure—Special Provisions—Vendor and Vendee—Payment with Services—Advances—Balances.

　　The male defendant purchased a logging outfit from the plaintiff and mortgaged the same to secure the purchase price, which was agreed to be paid for in service in a stipulated manner. As collateral to this transaction, the *feme* defendant and her husband executed to the plaintiff a mortgage on her lands. The plaintiff made advancements in provisions and money to male defendant from time to time to enable him to perform his contract, always in excess of the amounts earned by him under the contract, and eventually the latter surrendered to the former the property, with the exception of a horse which had died, and received credit on his purchase price, leaving a balance due the plaintiff in excess of two hundred dollars. The mortgage on *feme* defendant's land provided that the first payment of two hundred dollars on the purchase price of the outfit should cancel her mortgage. *Held,* (1) The mortgage on *feme* defendant's land, being collateral to the chattel mortgage given by her husband to secure the payment of the purchase price of the logging outfit, was entitled to no credits, under the circumstances, for the money earned by her husband under his contract of payment; (2) there is no evidence in this case that any payment had been made in exoneration of the mortgage on the *feme* defendant's land.

2. Principal and Surety—Release—Indulgence—Agreement.

　　Mere indulgence of the principal debtor, without any binding agreement to do so, will not release the surety.

155—17

APPEAL from *Webb, J.,* at the Fall Term, 1910, of BURKE.

Civil action heard on exceptions to report of referee at Fall Term, 1910, of the Superior Court of Burke County.

Plaintiff company holding a mortgage with power of sale on the land of the *feme* defendant, to-wit: One-eighth interest in the Christopher Shuffler place, as collateral security to the amount of $200 for a debt held by the company on her husband for $800; which last debt had been secured by a mortgage on personal property, advertised and sold land pursuant to the terms of the mortgage and same was bid in by plaintiff A. C. Birdsall; deed was made pursuant to sale, which purported to convey the said land to the purchaser. Action was instituted to have said Birdsall declared the owner according to the terms of the deed. Defendants answered, claiming that the $200, the portion of the debt which the mortgage was given to secure, had been paid, and prayed judgment that this fact be declared and the land released of the lien.

The cause having been duly referred, the referee heard the evidence on a full finding of fact, held in effect that the mortgage debt had not been paid, but same and any part thereof was justly due; second, that the plaintiff Birdsall had not bought the land outright for himself, but had bid the same in for the company, and that plaintiff company was entitled to judgment of foreclosure. The court reversing conclusion of the referee, gave judgment for the *feme* defendant to the effect that as to her the debt secured by mortgage on her land had been paid. To this judgment plaintiffs, having duly excepted, appealed.

*John T. Perkins for plaintiff.*
*J. F. Spainhour for defendant.*

HOKE, J. On the hearing it was made to appear that the male defendant, J. W. Christenbury, having undertaken to do some logging for the plaintiff company, said company sold him a logging outfit, including four horses at the price of eight hundred dollars, and took a note therefor, secured by a mortgage on the property, bearing date 31 July, 1906, payable 1 December, 1906, with interest from date, and plaintiff company was to make advancements to said J. W. Christenbury in provisions

and money to enable him to perform his part of the contract; that at the time of said sale or shortly thereafter, J. W. Christenbury and wife N. L. Christenbury executed a mortgage to the company with power of sale on the lands of the *feme* defendant, said mortgage containing the stipulation as follows : "This deed is to be collateral security to a chattel mortgage of eight hundred dollars, and the first payment of two hundred dollars on the same is to cancel this mortgage, then this deed to be null and void, otherwise to be in full force and effect." That defendant J. W. Christenbury entered on the performance of the contract and did a large amount of logging for the company, but the advancements made to him in provisions and money were and continued to be largely in excess of the amount earned even after allowing him fifty cents per thousand more for logging than the amount agreed upon, and defendant J. W. Christenbury having become indebted to plaintiff company over and above any sum earned to the amount of six or seven hundred dollars, and one of the horses worth one hundred and seventy-five to two hundred dollars having died in the meantime, plaintiff company some time in 1907 took back the remainder of the personal property of value at the time five hundred and eighty-seven dollars, leaving as balance due on the mortgage debt of more than two hundred dollars, and thereupon plaintiff company advertised and sold the land as heretofore stated.

On these facts, and it clearly appearing that plaintiff Birdsall bid in the land for the company, we think the referee correctly held, "As a matter of law, that no payment as contemplated in the contract has ever been made which would operate as a release or discharge of the mortgage debt of two hundred dollars, and that J. W. Christenbury as principal and N. L. Christenbury as surety to his debt of two hundred dollars, are due the Piedmont Springs Lumber Company the sum of two hundred dollars, with interest thereon from 17 July, 1906, and that the plaintiff lumber company is entitled to a foreclosure of the said mortgage to satisfy the said debt, interest and costs."

"2. I find as a matter of law that no title passed to the plaintiff A. C. Birdsall at the mortgage sale."

The mortgage on the land in express terms purports to be

collateral security to the chattel mortgage. This in ordinary acceptation should be an additional security to the property contained in the mortgage. It does not appear at all that the personal property was taken back in cancellation of the trade; the horse that died was the loss of the purchaser and owner J. W. Christenbury, and to hold, as defendant contends, that the value of the personal property taken back should be received in exoneration of the mortgage on the realty would be in effect to hold that this last amounted to nothing. Nor is there any merit in the position that the *feme* defendant is relieved by delay on the part of the company in enforcing its claim under the chattel mortgage. The authorities are to the effect that mere indulgence of the principal debtor without any binding agreement to do so, will not release the surety. *Jenkins v. Daniels*, 125 N. C., p. 161; *Deal v. Cothran*, 66 N. C., p. 269; *Thornton v. Thornton*, 63 N. C., p. 211.

There was error in the judgment of the court below, and on the facts established plaintiff company is entitled to judgment of foreclosure and it is so ordered.

Reversed.