J. L. CROUSE v. R. T. STANLEY AND GUY L. DAZEY, TRADING AS
STANLEY & DAZEY ET AL.

(Filed 2 July, 1930.)

**Principal and Surety B a—Surety is entitled to credit of actual loss sustained by him by reason of insured's failure to retain percentage.**

Where a contractor for the erection of a building sublets the painting thereof under a contract providing for payment to the subcontractor as the work progresses, reserving a balance until the completion of the work, upon the default of the subcontractor and the completion of the work by the contractor who had failed to retain the specified percentage: *Held*, the surety on the subcontractor's bond is discharged and relieved upon equitable principles of his liability on the bond to the extent of his actual loss occasioned by the failure of the contractor to retain the required percentage and no further, the surety being entitled to the retained percentage if it had been forced to complete the contract under the terms of the bond, and upon such facts a judgment sustaining the surety's demurrer on the theory that the surety was released, will be reversed in order that the rights of the parties may be determined.

STACY, C. J., and CONNOR, J., dissent.

CIVIL ACTION, before *McElroy, J.,* at January Civil Term, 1930, of GUILFORD.

The plaintiff is a contractor living in Guilford County, North Carolina, and on 1 November, 1917, made a contract to erect a high school in the city of Tampa, State of Florida.

The defendants were partners and engaged in the business of painting contractors.

On 1 November, 1927, the plaintiff entered into a contract with the defendants to the effect that the defendants would furnish all materials and perform all work necessary to complete the painting of the high school at Tampa, Florida. The contract price for said work was $20,000, and required the giving of a surety bond to guarantee the faithful performance thereof. Thereupon, the defendants secured a bond from the Fidelity and Casualty Company of New York in the penal sum of $10,000.

The subcontract between the plaintiff and the defendants provided that payments should be made as follows: "80 per cent of all labor and material which has been placed in position by said subcontractor, to be paid on or about the first of the following month, except the final payment, which the said contractor shall pay to the subcontractor within thirty days after the subcontractor shall have completed his work to the full satisfaction of said architect."

The plaintiff alleged and offered evidence tending to show that the defendants abandoned the contract "making it necessary for the plain-

tiff to take over the work and complete the same." There was evidence tending to show that the defendants abandoned the contract on or about 4 October, 1928, and notice was given to the Surety Company by the plaintiff on or about 8 October, 1928.

The plaintiff brought a suit against the defendants, Stanley & Dazey, subcontractors, Greensboro Paint Company, the Fidelity and Casualty Company of New York, and J. E. Comer. The amount claimed was $6,060.12, which said claim was made up of the following items: "(a) cost of completion in excess of contract price, $2,425.38; (b) 60 days delay at $20 per day, $1,200; (c) cost of materials, $2,434.74; total, $6,060.12."

The defendant, Stanley & Dazey, filed an answer denying the right of plaintiff to recover and alleging a counterclaim in the sum of $3,500. The defendant, Surety Company, filed an answer denying liability and alleging that it was released as bondsman for the subcontractors for the reason that plaintiff contractor failed and neglected to preserve the retained percentage of twenty per cent.

Upon this contention the evidence tended to show that the retained percentage would have amounted to approximately $4,202.82.

The evidence further showed that the plaintiff had paid to the defendants or to banks and other parties for the benefit of defendants approximately the entire contract price. The plaintiff, admitting that the retained percentage was not preserved, explained that he "had guaranteed bills for them. I did not keep in hand twenty per cent until the work was finished and completed, for I could not under the conditions."

At the conclusion of the evidence the trial judge sustained the motion of nonsuit made by the defendant, Casualty Company, and other defendants, retaining the cause as to the defendant, Stanley & Dazey.

The jury answered the issues against the contentions of defendant, Stanley & Dazey, and awarded the plaintiff the sum of $6,060.12.

No evidence was offered connecting the defendant, Greensboro Paint Company, or J. E. Comer with the controversy.

From the judgment of nonsuit as to the Fidelity and Casualty Company of New York, plaintiff appealed.

*Brooks, Parker, Smith & Wharton and E. J. Honson for Paint Company.*

*Frazier & Frazier and R. M. Robinson for plaintiff.*

*Ruark & Ruark for Fidelity and Casualty Company.*

BROGDEN, J. Did the failure of the plaintiff to preserve and hold the retained percentage release the defendant surety from any and all obligation upon its bond?

The legal status of retained percentage in contracts of the kind involved in this controversy has been thus declared in *Insurance Co. v. Durham County,* 190 N. C., 58, 128 S. E., 469: "The contract provision that 85 per cent of the value of labor and material used during the previous month, as estimated by the architect, shall be paid by the owner to the contractor at the dates specified during the progress of the work creates in the 15 per cent reserve balance an equity in which the surety has a substantial right. While the owner also has an equity in this reserved balance, he has no right, without the consent of the surety to waive it, or to exceed the provisions of the contract in making payments to the contractor. The retained balance is well calculated to induce the contractor to complete the building, and it is valuable security against loss when a breach occurs." *Prairie State Bank v. U. S.,* 164 U. S., 227, 41 L. Ed., 412; *Hamilton v. Republic Casualty Co.,* 135 S. E., 259; Williston on Contracts, Vol. II, sec. 1243.

Williston, *supra,* summarizing the decisions upon the subject, states: "Such payments in larger amounts, or at earlier times than the contract between the principal and his employer fixed discharges the surety. But the basis of the rule is equitable, and it should not be pushed beyond equitable limits, and especially in recent years the courts have shown a tendency to hold the surety where it sufficiently appears·that the overpayment of the principal has caused no loss."

An examination of the authorities bearing upon the subject discloses that the courts have adopted various attitudes with respect to the application of the principle of releasing the surety from his obligations. First, some courts have held that, if the owner overpays the contractor upon forged or mistaken estimates or by reason of fraudulent substitution of inferior materials, the surety is not thereby released. *Van Buren County v. American Surety Co.,* 115 N. W., 24; *Wakefield v. American Surety Co.,* 95 N. E., 350. Second, if the excess payments are made to satisfy the valid claim of laborers and materialmen who are included within the terms of the bond, the surety is not relieved. *U. S. Fidelity and Guaranty Co. v. Trustees of Baptist Church,* 102 S. W., 325. Third, a surety is not discharged by overpayment unless it is shown that such overpayment resulted in loss. *Lloyd Investment Co. v. Illinois Surety Co.,* 160 N. W., 58; *Maine Central R. R. Co. v. National Surety Co.,* 94 Atl., 929. Fourth, if the owner fails to retain the specified percentage, the surety is discharged *pro tanto* upon the theory that such reserve percentage creates a right in the surety to apply the same in exoneration of the loss sustained by the failure to pay laborers and materialmen. *Mfg. Co. v. Blaylock,* 192 N. C., 407, 135 S. E., 136.

This Court has adopted the *pro tanto* theory; that is to say, that in contracts of the kind involved in this case, the surety in obedience to

equitable principles is discharged and relieved to the extent of the loss actually suffered and no further. Therefore, the final determination of the rights of the parties depends upon whether the surety suffered a loss in the case at bar. When Stanley & Dazey defaulted it was the duty of the defendant surety company to complete the work in accordance with the terms of the contract. If the owner had complied with the agreement entered into between the parties he would then have in hand to turn over to the surety the sum of $4,202.80, and thereupon the surety would be entitled to said sum to apply upon the completion of the work. No such amount was available, and thus the surety was deprived of a credit to which it was entitled under the law.

No evidence was offered connecting the defendant, Greensboro Paint Company, or the defendant, Comer, with the transaction, and the judgment of nonsuit as to such defendants is upheld. The judgment of nonsuit as to defendant surety company is reversed, and the cause remanded for trial in accordance with the rules of liability declared in this opinion.

Reversed.

STACY, C. J., and CONNOR, J., dissent.