The defendant C. B. Mooney, about 30 July, 1928, entered into a contract with the board of trustees of Ahoskie Graded School District to build, construct and erect a two-story brick and frame building to be known as the Ahoskie High School and Gymnasium in the town of Ahoskie, county of Hertford, State of North Carolina, according to plans and specifications prepared by Leslie N. Boney, architect. Mooney gave bond in the National Surety Company, defendant, in accordance with the law. C. S., 2445.
The plaintiffs, Sanford Sash and Blind Company, and other plaintiffs, interveners, contend that they should recover from the defendants the amounts due them, setting out the amounts due for materials furnished for construction and erection of the Ahoskie school building.
The defendants board of trustees of the school districts deny liability, and contend "That they kept in reserve more than 15 per cent and never paid over to said C. B. Mooney, the 15 per cent reserve under the contract until after the acceptance of the building."
The National Surety Company denies liability and contends that the total price including extras was "Seventy thousand eight hundred and seventy-six and 6/100 dollars ($70,876.06), and that the said board of trustees have actually paid out on the contract to the contractor all of said amount of said contract price, with the exception of one thousand six hundred and ninety-six and 84/100 dollars ($1,696.84), with the knowledge of unsettled claims for labor and material, and without the consent and approval of the said National Surety Company. . . . That the said board of trustees of Ahoskie Graded School District violated said contract in that they overpaid the contractor greatly in excess of the said 85 per cent and that they did not retain the said 15 per cent as required; and this defendant especially pleads the same in bar of recovery by the plaintiff."
The court below "finds as a fact that the defendant board of trustees of Ahoskie Graded School District breached their contract in that they overpaid the contractor in the sum of nineteen hundred sixty-two and 78/100 dollars ($1,962.78), and failed to retain 15 per cent as provided in said contract and paid the contractor the entire amount due upon the certificates of the architect, without making said retainage, and before final settlement was made with the contractor. . . . The court adjudges as a matter of law that said overpayment of nineteen hundred sixty-two and 78/100 dollars ($1,962.78), should be repaid by the said board of school trustees to National Surety Company as a reduction of its losses herein."
The court below rendered judgment for the amounts claimed by plaintiffs and the interveners and allowed a recovery for the labor and *Page 832 
materials furnished against C. B. Mooney and the National Surety Company, and "It is further ordered and adjudged that the defendant board of trustees of Ahoskie Graded School District and Ahoskie School District No. 11, pay to the National Surety Company the sum of nineteen hundred and sixty-two and 78/100 dollars ($1,962.78), with interest thereon from 7 June, 1929."
The defendant board of trustees of the school districts excepted and assigned error to the judgment as signed, and appealed to the Supreme Court.
The exception and assignment of error made by the board of trustees of the school districts cannot be sustained.
In a reference it is well settled that the findings of fact of the trial court are conclusive, except when there is no evidence to support them. In the present case there was evidence to support them. We think on the facts found the law of the case is set forth in Crouse v. Stanley, 199 N.C. 186. For the reasons given, the judgment of the court below is
Affirmed.