FIDELITY AND DEPOSIT COMPANY OF MARYLAND v. BOARD OF EDUCATION OF PENDER COUNTY ET AL.

(Filed 9 March, 1932.)

1. **Principal and Surety B b—Surety is entitled to recover loss caused by owner's failure to retain required percentage.**

   Where a county board of education fails to retain the full percentage of the contract price of a school building as required by the surety bond of the contractor, and thereafter the contractor defaults and fails to complete the building, and, upon the surety's waiver of its option to do so, the county board completes the building with money in its hands applicable to the contract price: *Held,* the surety is entitled to recover against the county board of education the loss sustained by reason of the board's failure to retain the required percentage, but the county board of education had the right to complete the building with the money on hand, and the surety is entitled to recover only the difference between the amount the board would have had on hand if the required percentage had been retained and the amount necessary to complete the building, and the fact that the board had paid a certain sum to the contractor after notice of outstanding claims against the contractor imposes no further liability upon the board upon the facts disclosed by the record.

2. **Same—Surety may not recover against individual members of board of education for their failure to retain stipulated percentages.**

   A surety on the bond of a contractor in the erection of a school building who has suffered loss by reason of the failure of the county board of education to retain the required percentage of the contract price may not recover against the individual members of the board for such failure.

3. **Appeal and Error F d—Only the rights of parties appealing will be considered by the Supreme Court.**

   Where a surety on the bond of a contractor in the erection of a school building appeals from the judgment of the Superior Court he cannot complain of a judgment in favor of another entered against the board which did not appeal.

CIVIL ACTION, before *Midyette, J.,* at June Term, 1931, of PENDER.

The plaintiff, the Surety Company, instituted this action against the board of education and the individual members thereof and certain creditors. The cause was submitted to a referee. In substance the find-

ings of fact are as follows: On 21 January, 1924, the board of education of Pender County entered into a contract with Walter Clark, a contractor, for the erection of a two-story brick and frame high school building at Atkinson, North Carolina. Said building was to be completed on or before 15 August, 1924, and the contract price specified, was $49,618. The plaintiff executed a bond in the sum of $14,404 conditioned upon the faithful performance of said contract. Clark began the construction of said building, but did not complete it on 15 August, 1924. On 29 October, 1924, Clark disappeared and the plaintiff was notified by the architect that the building was not completed, and thereafter the plaintiff waived its option to complete the said school building, and the board of education thereupon completed the same. The plaintiff has paid to creditors furnishing labor and material for said building the sum of $3,050.33. There are other claims outstanding. The contract provided that the board of education should retain fifteen per cent of the contract price. When Clark abandoned the work on 25 October, 1924, the board had paid a total of $46,550 upon the contract price, whereas, in fact, eighty-five per cent of the contract price, aggregated $42,175.30. Hence the board had paid out $4,375.20 in excess of the retained percentage. The trial judge found as a fact that on 8 October, the board paid to Clark the sum of $5,506.38, and at that time had notice of outstanding unpaid bills for material and labor amounting to $3,057.40. It was further found as a fact that the defendant, board of education, failed to hold the retained percentage as required by the contract, and that in failing to do so, the plaintiff was thereby injured. It was further found that on 25 October, the board of education issued to Clark, the contractor, a check in the sum of $132.50 upon the certificate of the architect, and that said check was cashed by the Murchison National Bank, and said funds were used in making the payroll. It was further found as a fact that the defendant, board, at the time of the default, had on hand $3,057.56, and that said board actually expended in completing the building the sum of $3,079.56.

The plaintiff brought this action to recover the sum of $3,050.33 upon the theory that the failure of the board to hold the retained percentage released the surety from liability. The board set up a counterclaim against the plaintiff, alleging that it had suffered damage in the sum of $2,000 by reason of failure of the contractor to complete the building on time. Both parties filed exceptions to the referee's report, and thereafter the cause was submitted to the trial judge. It was agreed that all matters in controversy had been settled except the $132.50 item due the Murchison Bank and the claim of plaintiff against the board of education and the individual members thereof. After hearing the ex-

ceptions the court held that the plaintiff was not entitled to recover anything from the board of education or the individual members thereof, and that the board of education was not entitled to recover from the plaintiff. It was further adjudged that the Murchison National Bank recover of the board of education the sum of $132.50.

From judgment so rendered, plaintiff appealed.

*I. C. Wright for plaintiff.*

*McCullen & McCullen and Bryan & Campbell for Board of Education and Murchison National Bank.*

BROGDEN, J. The findings of fact by the referee and the trial judge establish substantially the following fact-status: When Clark, the contractor, defaulted, the board of education had in hand, applicable to the contract price, the sum of $3,067.50 plus the Murchison Bank item of $132.50, making a total of $3,200. If said board had complied with the contract with respect to the retained percentage, as it had agreed to do, it would have had in hand, applicable to the contract price, the sum of $4,375.20. When the default occurred it was the duty of the surety to complete the building. The surety, however, waived its option and the board of education, as it had a right to do, thereupon proceeded to complete the building and paid therefor the sum of $3,079.56. Therefore, the difference between what the board should have had in hand from the retained percentage and what it paid out to complete the building was $1,295.64. Manifestly, when the contractor defaulted and the surety failed to complete the building the board of education had the right to use all funds in its hands, applicable to the contract price, for the completion of the building, there being no evidence of any unreasonable expenditures in the work of completion. In other words, if the board had complied with the contract with reference to the retained percentage, it would have had in hand, after the completion of the building, the sum of $1,295.64. This sum, being a part of the retained percentage, inured to the benefit of the surety that had paid claims of laborers and materialmen in excess of said sum. The identical point was discussed in *Crouse v. Stanley,* 199 N. C., 186, 154 S. E., 40, where it is written: "If the owner had complied with the agreement entered into between the parties he would then have in hand to turn over to the surety the sum of $4,202.80, and thereupon the surety would be entitled to said sum to apply upon the completion of the work. No such amount was available, and thus the surety was deprived of a credit to which it was entitled under the law." *Mfg. Co. v. Blaylock,* 192 N. C., 407, 135 S. E., 136.

The fact that the board, on 8 October, 1924, paid to the contractor the sum of $5,506.38, when it had notice of outstanding bills in the sum of $3,057.40, imposes no liability upon the board upon the facts disclosed by this record. *Hutchinson v. Commissioners,* 172 N. C., 844, 90 S. E., 892; *Warner v. Halyburton,* 187 N. C., 414, 121 S. E., 756; *Mfg. Co., v. Blaylock,* 192 N. C., 407, 135 S. E., 136.

The plaintiff cannot complain of the judgment against the board for $132.50 in favor of Murchison Bank for the reason that the board does not appeal from the judgment.

The court is of the opinion, upon the facts found and set out in the record, that the plaintiff is entitled to recover of the board of education the sum of $1,295.64. No recovery is permissible against the individual members of the board. *Noland v. Trustees,* 190 N. C., 250, 129 S. E., 577.

Modified and affirmed.