BETTER ADVERTISING, INC. v. EVERETT C. PEACE, JR.

No. 798SC61

(Filed 6 November 1979)

1. **Guaranty § 2— absolute guaranty of note—action not barred by statute of limitations**

   Plaintiff's suit to recover from the guarantor of a promissory note was not barred by the three year statute of limitations, since the right to sue upon an absolute guaranty accrues immediately upon the failure of the principal debtors to pay their debt at maturity, and plaintiff brought this action within three years both of the last payment made by the principal and of the date declared by plaintiff as the date on which the owed sum was due.

2. **Guaranty § 2— renegotiation of note without guarantor's consent—insufficiency of evidence**

   A guarantor may be discharged from his guaranty obligation if there is an alteration of the instrument's terms made between the holder and maker of the instrument without the guarantor's consent; however, defendant guarantor in this action failed to offer specific evidence of a genuine issue of renegotiation, and summary judgment was properly entered for plaintiff.

3. **Rules of Civil Procedure § 56— summary judgment hearing—transcript of receivership hearing—no delay to obtain**

   The trial court did not err in entering summary judgment against defendant guarantor without allowing him time to search for a transcript of a receivership hearing which might have been relevant to the question of renegotiation of the note which defendant had guaranteed, since defendant's affidavits did not state that he was unable to find or produce the transcript of the earlier hearing, and at no time did defendant request more time to look for the transcript. G.S. 1A-1, Rule 56(f).

APPEAL by defendant from *Cowper, Judge.* Judgment entered 26 August 1978 in Superior Court, WAYNE County. Heard in the Court of Appeals 25 September 1979.

On 27 September 1976 plaintiff brought suit against defendant as guarantor of payment on a promissory note issued to plaintiff on 15 October 1969. Demand was previously made upon defendant-guarantor on 15 September 1976 for payment of $83,532.78, the sum due on the $120,000 note. Payments had been made on the note until 16 May 1974; no further payments were made after that date.

Defendant filed a verified answer and counterclaim, alleging the defense of failure to state a claim upon which relief can be granted, denying that plaintiff was entitled to any proceeds of the note because a material and substantial change had been made in the terms of the note without defendant's knowledge or consent, and requesting a $10,000 recovery from the plaintiff as compensation for his damaged reputation and mental stability. Plaintiff filed a reply to defendant's counterclaim and on 29 June 1978 moved for summary judgment. Defendant filed an affidavit and testified in his behalf at the hearing on plaintiff's summary judgment motion, after which the court granted plaintiff's motion. Defendant excepted and appealed.

*Smith, Everett & Womble, by W. Harrell Everett, Jr.,* for plaintiff appellee.

*James, McElroy & Diehl, by William K. Diehl, Jr.,* for defendant appellant.

MARTIN (Harry C.), Judge.

Defendant argues that this Court should reverse the order of summary judgment granted to plaintiff and direct entry of judgment in favor of defendant. Defendant contends that plaintiff's suit was barred by the three years statute of limitations, N.C. G.S. 1-52, that a genuine issue of material fact regarding a renegotiation of the note was presented by defendant's verified answer and counterclaim, and that the court should have utilized Rule 56(f) to grant defendant more time to search for a transcript of a hearing relevant to the renegotiation of the note before granting plaintiff's motion for summary judgment. We find no merit in defendant's contentions and affirm the entry of judgment against defendant.

[1]   For purposes of this appeal we assume, without deciding the question, that defendant's defense of failure to state a claim includes the defense of the statute of limitations. Defendant's position, however, is not advanced by this assumption because plaintiff's suit is not barred by the three years statute of limitations. In North Carolina a plaintiff's cause of action against a guarantor arises when the principal refuses to make further payments on the promissory note. If the guaranty of payment is absolute, the right to sue upon the guaranty accrues immediately upon the failure of the principal debtors to pay their debt at maturity. *Trust Co. v. Clifton*, 203 N.C. 483, 166 S.E. 334 (1932); *Oil Co. v. Oil Co.*, 34 N.C. App. 295, 237 S.E. 2d 921 (1977). Defendant admitted that he guaranteed payment of the note. The language of the guaranty written on the note is: "I hereby guarantee payment of this note." There is nothing conditional about this language. Payments were made on the note up to 16 May 1974. If that date is taken as the date when the principal refused to make further payments on the note, filing of the complaint by plaintiff on 27 September 1976 brings the action well within the three-year period. Plaintiff uses 31 December 1974 in his complaint as the date on which the owed sum was due. Regardless of which date is used, plaintiff's suit is not barred by the applicable statute of limitations. It is therefore not necessary that we reach the question raised by defendant whether the note involved is a "demand" note.

[2]   Defendant's contention that summary judgment should not have been entered in favor of plaintiff because a genuine issue of material fact existed as to renegotiation of the note is not persuasive. We agree with defendant that it is well settled in North Carolina that a guarantor may be discharged from his guaranty obligation if there is an alteration of the instrument's terms made between the holder and maker of the instrument without the guarantor's consent. N.C. Gen. Stat. 25-3-606; *Deal v. Cochran*, 66 N.C. 269 (1872); *Construction Co. v. Ervin Co.*, 33 N.C. App. 472, 235 S.E. 2d 418 (1977). Had there been specific evidence of this genuine issue of renegotiation, summary judgment for plaintiff would have been inappropriate and erroneous in this case. But defendant failed to respond adequately to survive plaintiff's motion for summary judgment.

Defendant attempts to rely upon his verified answer and counterclaim in which he alleged upon information and belief that a "material and substantial change was made in the terms and substance of said Note, . . .." Verified answers and counterclaims are to be treated as affidavits on a motion for summary judgment. *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972); *Schoolfield v. Collins*, 281 N.C. 604, 189 S.E. 2d 208 (1972). But unsupported allegations are not enough to create a genuine issue of fact. *Pridgen v. Hughes*, 9 N.C. App. 635, 177 S.E. 2d 425 (1970). Rule 56(e) provides that the party opposing the motion for summary judgment must set forth "specific facts" showing a genuine issue for trial. Although defendant alleged in his answer that a material and substantial change was made in the terms of the note, the allegation was made upon information and belief, and the record is devoid of any specific evidence to support this allegation. Defendant filed an affidavit in opposition to plaintiff's motion for summary judgment, but he merely referred to the question of a material change raised in his answer and realleged the matters raised therein. The affidavit does not set forth any specific facts. In the testimony given by defendant at the summary judgment hearing he answered: "The note was renegotiated by Mr. Page and Mr. Hawkins." This is a conclusion unsupported by specific facts. Defendant also stated that testimony regarding this note had been taken at a receivership hearing involving the issuer of the note. He did not know the date of the hearing and no other questions about the prior testimony were asked.

Clearly there are no specific facts to support defendant's allegation of material alteration of the note; his response to plaintiff's motion for summary judgment was inadequate. It was appropriate for the court to enter summary judgment against him.

[3] Defendant's final argument is that under Rule 56(f) the court, before entering summary judgment against defendant, should have given him more time to search for a transcript of the receivership hearing which might have been relevant to the question of the renegotiation of the note. Rule 56(f) requires that it must "appear from the affidavits of a party opposing the motion that he cannot *for reasons stated* present by affidavit facts essential to justify his opposition, . . .." (Emphasis ours.) The record clearly reveals that defendant's affidavits do not state that he was unable to find or produce the transcript of the earlier hear-

ing. At no time did defendant request more time to look for the transcript. It was not error for the court to enter summary judgment against defendant without allowing him time to look for the transcript.

There were no genuine issues of material fact. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). The order granting summary judgment for plaintiff is

Affirmed.

Judges HEDRICK and CLARK concur.