DURHAM SHOPPING CENTER, INC. v. ORCO, INC., T/A BAMBINO'S OF NORTH CAROLINA AT LAKEWOOD SHOPPING CENTER, ET AL. AND EDWARD S. ORGAIN, JR. v. MILTON ANDREWS

No. 8414SC239

(Filed 4 December 1984)

1. Guaranty § 2— lease agreement—subsequent assignments but no new lease—reduction in rent—guarantor liable

    In an action to recover unpaid rent from a lessee and the lessee's guarantor, the trial court did not err in holding the guarantor liable where the original lessee had been acquired by another company, which assigned the lease to a third party, and the trial court's finding that no lease had been executed other than the original lease was supported by testimony from plaintiff's president and the absence of any other written lease. An agreement by plaintiff to reduce the lease payments did not injure and therefore did not discharge the guarantor.

2. Guaranty § 2— action on lease guaranty—within statute of limitations

    Where defendant guaranteed an entire lease and the guaranty agreement provided for defendant's liability 20 days after plaintiff gave notice of its intent to declare a default, plaintiff had the right to sue on the entire lease once it became apparent that the principal would make no more payments and an action commenced within three years of the last payment and notice to defendant of liability was within the statute of limitations.

3. Guaranty § 2— no unreasonable delay in demanding payment—supported by evidence

    In an action against a guarantor on a lease, the trial court's conclusion that plaintiff had not unreasonably delayed in demanding payment or in bring-

ing suit was supported by findings that defendant was reminded many times of the arrearages and his responsibility as a guarantor, and that plaintiff had made repeated demands for payment of back rent. Those findings were supported by testimony from plaintiff's president.

APPEAL by defendant Orgain from *Barnette, Judge.* Judgment entered 30 September 1983 in Superior Court, DURHAM County. Heard in the Court of Appeals 15 November 1984.

Plaintiff lessor brought this action to recover unpaid rent from defendant lessee ORCO, Inc., and from ORCO's guarantors on the lease, Edward S. Orgain, Jr., and Joseph N. Cohn. Cohn was not served and therefore is not a party to this action. Plaintiff obtained entry of default against defendant ORCO after ORCO failed to answer. Defendant Orgain (hereinafter, defendant) filed a third party complaint against Milton Andrews. After entry of partial summary judgment in defendant's favor as to part of the damages alleged by plaintiff, the case was tried by Judge Barnette, who sat without a jury.

Judge Barnette's findings of fact are summarized as follows: Plaintiff executed a lease to ORCO on 2 November 1971 for a ten year term running from the beginning of November 1971 to the end of October 1981. The lease provided that ORCO was to pay $700 per month in rent, plus $50 per month in maintenance fees, for the use of certain commercial property. Also on 2 November 1971 defendant executed a "Guarantee of Lease" in which he agreed to pay deficiencies or damages resulting from ORCO's default "at any time during the term of said lease."

Bambino's International, Inc., acquired all of ORCO's stock in April 1973. From April 1973 to March 1977 Bambino's operated the premises that ORCO had leased from plaintiff. In March 1977 the lease was assigned to Milton Andrews, who thereafter operated the leased premises. Plaintiff was not a party to any assignment of the lease and never consented to assignment of the lease. A new lease was never negotiated during the term of the original lease. Plaintiff's agent did agree with Andrews on 1 December 1978 to reduce the monthly lease payment owed by ORCO to $625.

Defendant received numerous notices throughout the term of the lease reminding him of arrearages and his responsibility as

guarantor. ORCO owed $22,800 to plaintiff pursuant to the lease at the time of trial, and Andrews owed $6,350 to ORCO under the oral assignment of lease to him.

Judge Barnette concluded from these findings that plaintiff was entitled to recover $22,800 from ORCO and from defendant as ORCO's guarantor. Defendant was entitled to recover $6,350 from Andrews. Further conclusions of law stated that the assignment of lease from ORCO to Andrews violated the terms of the assignment clause in the lease. The reduction in rent beginning 1 December 1978 was not injurious to defendant as guarantor, and the consequent reduction in his liability was accounted for in computing the $22,800 judgment. Defendant guaranteed payment over a period of time, so no statute of limitations barred plaintiff's claim. Nor was there any unreasonable delay by plaintiff in demanding payment or bringing suit.

Judgment was entered for defendant in the amount of $6,350 on his third party complaint against Andrews. Defendant appealed from judgment for plaintiff in the amount of $22,800.

*William R. Winders and William J. Thomas, II, for plaintiff, appellee.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Michael E. Weddington and Martha Jones Mason, for defendant, appellant Edward S. Orgain, Jr.*

HEDRICK, Judge.

[1] Defendant contends the trial court erred in holding him liable under the guaranty since the lease he guaranteed was either superseded by other leases or materially altered in its terms. Defendant argues that the greater weight of the evidence shows that plaintiff entered into lease agreements with Bambino's International, Inc., or Andrews, thereby discharging defendant's liability as guarantor. This argument does not present an issue for review as the trial court's findings are conclusive on appeal when supported by any competent evidence. The trial court found that no lease had been executed except the original lease between ORCO and plaintiff. Testimony from plaintiff's president and the absence of any other written leases supported this finding. Thus,

there is no basis for defendant to claim on appeal that his liability was discharged by plaintiff entering new leases.

Nor was the lease altered in any manner that would discharge defendant as guarantor. Normally a surety is discharged where there has been an agreement among the other parties injuriously affecting the surety's rights or liabilities. *Deal v. Cochran*, 66 N.C. 269 (1872). However, in the present case defendant was benefitted rather than injured by plaintiff's agreement to reduce the lease payments after 1 December 1978. The controlling principle is stated in *Crouse v. Stanley*, 199 N.C. 186, 188-89, 154 S.E. 40, 41 (1930): "This Court has adopted the *pro tanto* theory; that is to say . . . the surety in obedience to equitable principles is discharged and relieved to the extent of the loss actually suffered and no further." The trial court properly reduced defendant's liability under the guaranty in accordance with the rent reduction agreement and no further.

[2] Defendant contends the trial court erred in concluding that the guaranty was a "continuing" guaranty for which the statute of limitations did not begin to run until the last rental payment on 11 May 1981. We disagree. "In North Carolina a plaintiff's cause of action against a guarantor arises when the principal refuses to make further payments on the promissory note." *Advertising, Inc. v. Peace*, 43 N.C. App. 534, 536, 259 S.E. 2d 359, 360 (1979), *disc. rev. denied*, 299 N.C. 328, 265 S.E. 2d 393 (1980). The same reasoning applies by analogy to a guarantor of a lease for a term of years: the statute of limitations begins to run from the date of the last payment or other event triggering the guarantor's liability on the entire lease. The present guaranty agreement provided for defendant's liability twenty days after plaintiff gave notice of its intent to declare default. Plaintiff gave such notice to defendant on 14 July 1981, and the complaint was filed on 18 November 1981. The action thus commenced well within three years of ORCO's last payment and notice to defendant of his liability. Defendant guaranteed the entire lease, and therefore plaintiff had the right to sue for the entire amount owed, as in *Advertising, Inc., supra*, once it became apparent that the principal would make no more payments.

[3] Defendant last contends the trial court erred in concluding that plaintiff did not unreasonably delay in demanding payment of

him or in bringing suit. The trial court's conclusion was supported by its findings that defendant was reminded many times of the arrearages and his responsibility as guarantor. Moreover, plaintiff made repeated demands for payment of back rent. Testimony from plaintiff's president supported these findings. The trial court's findings and conclusion that there was no unreasonable delay thus are conclusive on appeal.

Affirmed.

Judges WEBB and HILL concur.