### DIXIE PLYWOOD CO. v. CONTINENTAL CASUALTY CO., et al.

Circuit Court, Highlands County.

March 22, 1957.

Tom Fairfield Brown and Fred T. Saussy, Jr., both of Tampa, for plaintiffs.

Frank E. Bryant and Richard H. Hyatt, both of Sebring for defendants.

WILLIAM P. ALLEN, Circuit Judge.

This is a suit against several surety companies who wrote the official bonds for various members of the school board of Highlands County and Samuel F. Longbottom, an elected member of the board.

The action is based on the failure of the members of the board to require L. W. Ross, a general contractor who constructed the Woodlawn Elementary School in Sebring, to give a bond conditioned as required by section 255.05, Florida Statutes.

Section 255.05 requires any public board entering into a contract for the construction of any public building to require the contractor to execute the usual penal bond with good and sufficient sureties, with the additional obligation that the contractor shall promptly make payments to all persons supplying him labor, material and supplies used in the construction work.

A bond was given by the contractor and the question arises whether such bond is sufficient to protect the interests of the materialmen and others furnishing materials and labor in the construction of the school building and in compliance with the above referred to law.

The Supreme Court of this state has held that a failure to provide a bond is a failure to comply with a *ministerial* duty on the part of the members of a public board, rendering them individually liable to parties who suffer a loss by reason of such non action.

The record in this case does not show whether any action was brought by the materialmen on the bond in question. The bond does not contain a provision that it will pay all the claims against the contractor for materials, etc., furnished in the construction of the building, but attached to the bond is a copy of the contract between the principal contractor and the school board.

The bond was written by the Pan American Surety Co. in the amount of $340,840, with L. W. Ross as the principal and the board of public instruction of Highlands County as the obligee. The bond then contains the following—

"*Whereas,* The Principal has entered into a written contract dated October 26th, 1954, with the Obligee, for the construction of the *Woodlawn Elementary School, Sebring, Florida,* a copy of which is hereto annexed:

"*Now, therefore,* The condition of this obligation is such, that if the Principal shall indemnify the Obligee against any loss or damage directly arising by reason of the failure of the Principal to faithfully perform said contract, then this obligation shall be void, otherwise to remain in full force and effect."

The fifth paragraph provides—

"That no right of action shall accrue upon or by reason hereof, to or for the use or benefit of any one other than the Obligee herein named; and that the obligation of the Surety is, and shall be construed strictly as, one of suretyship only, * * * "

The attached contract embodied the usual terms between a general contractor and a public board for a construction contract. The contractor was required to furnish all the materials and labor necessary to perform all the work shown on the drawings and specifications and to do everything required by the agreement, the general and special conditions of the contract, addenda and drawings which were made by reference a part of the agreement.

Article 7, *Contract Bond.* This section provides—

"This contract shall become effective and in full force upon execution of this agreement, concurrently with the delivery of a bond issued by a surety company, licensed to do business in the State of Florida, for one hundred per cent (100%) of the contract price, said bond guaranteeing the performance of this contract and as security for the payment of all persons performing labor and furnishing materials in connection with this contract."

If the bond given by the contractor to the board of public instruction was sufficient in form and substance to protect the materialmen, then no action can be brought against the present defendants in this case.

This court will not pass upon the sufficiency of the bond in question but will grant defendants' motion to dismiss on the ground

that the bond given to the board by the general contractor shows on its face a bona fide attempt on the part of the board to comply with the statute. If the bond did not protect materialmen through a technicality, that in the opinion of the court was not ministerial but involved an exercise of judgment—the board did not fail to comply with a duty that was merely ministerial.

McQuillin on Municipal Corporations, 2d ed., vol. 5, sec. 2111, under the topic "Personal Liability of Officers" states—

> Neglect to require a contractor of public work to provide bond to protect materialmen and laborers, when imperatively required by law, is held by some courts to create liability for damages in behalf of those injured by reason of such omission. Decisions on such liability are the result, of course, of the construction of the particular statutes involved.
>
> A statute requiring municipal officers to let certain contracts "to the lowest responsible bidder giving adequate security," it is held, imposes judicial duty on such officers in so far as their determination of the adequacy of such security is concerned, and hence they are not personally liable for error in judgment in accepting security wholly inadequate. In Michigan failure of the municipal authorities to exact bond, for the protection of laborers and materialmen as directed by statute renders them liable in their individual capacity to the persons injured, but the contrary has been held in Minnesota. However, if the officers require the bond, they are not liable for error in judgment as to the sufficiency of the security. The distinction as mentioned is that the act of requiring a bond as provided by statute is a ministerial act, while fixing the amount and passing upon the sufficiency of the sureties involve discretion which render them judicial acts.

In Huebner v. Nims, 94 N. W. 180, the Supreme Court of Michigan said in its opinion in an action that had been brought against the trustees of a school district for failure to require a contractor to furnish a bond for the protection of laborers and materialmen pursuant to the law of Michigan—

> The first question to be decided is, are the defendants liable because of a failure to comply with the statute in taking the bonds which were taken by them? The cases cited by plaintiff of * * * were all cases where no bond in fact was given. In the case before us the board of trustees undertook to comply with the provisions of the statute, and, before accepting the bonds, sought counsel as to their duty. It was not until after the bonds had been accepted and the contract signed, that the board learned from one of the sureties his property was not in this state, but in Windsor, he at the same time saying he had property of the requisite value in Windsor. The record is clear, we think, that the board acted in good faith, meaning to comply with the provisions of the law. In Owen v. Hill, 67 Mich. 43, 34 N. W. 649, Justice Champlin, who wrote the opinion, in which it was held the trustees would be liable for not taking the bond required by the statute, used the following language: "The mere act of requiring a bond is a ministerial act involving no discretion, and consequently no judicial functions. In addition to requir-

ing the bond, the law requires that they shall fix the amount in which the bond shall be given, and, second, they shall pass upon the sufficiency of the sureties. These two requirements doubtless involve in a limited measure the exercise of judicial functions. I do not think these functions are so connected with the ministerial duty of requiring the bond as to be inseparable, nor do I think that the performance of one involves the exercise 'of the other. * * * It is a general principle that courts or officers exercising judicial functions shall not be held liable for any error of judgment. There is a distinction however, between cases, where parties invested with discretionary authority exercise it to the injury of an individual, and where they neglect to exercise it at all." This indicates very clearly that, while the board might be liable for neglect to act at all if they had in good faith attempted to comply with the statute there would be no liability. There is no safety in any other rule. It is for the board to determine the amount for which the bond shall be given, and the sufficiency of the sureties. In deciding these essentials it is acting at least quasi judicially, and for an error of judgment its members are not to be mulcted in damages.

It would seem to this court to be a harsh rule to require public officials—such as the school board members in this case—to be held liable in all cases where they have attempted to comply with a statute by requiring a contractor to give a bond to protect materialmen, and such bond was given which by its terms, might cause a difference of opinion among judges and lawyers as to its sufficiency for the purpose for which the law provides.

In a case decided by the Circuit Court of Appeals, Fourth Circuit, Hartford Accident & Indemnity Co. v. Board of Education, 15 F. 2d 317, the court said—

We quite agree with the proposition that the right of plaintiff to recover on the claims sued on is no greater than that of the laborers and materialmen whose claims were assigned; but we think that it is clear that these laborers and materialmen would have been entitled to recover if the action had been instituted by them prior to the assignment. When the bond is read in connection with the contract, which is expressly made a part of it, we have not a mere indemnity agreement guaranteeing plaintiff against loss from breach of contract on the part of the contractor, but a contract of suretyship, in which defendant undertakes that the contractor will faithfully perform his contract and will pay all subcontractors and labor and material bills. The bond itself provides that it shall be construed as one of suretyship; and the contract (by reference made a part of the bond) provides not only that the contractor shall provide and pay for all labor and materials, but also that the bond to be furnished shall "guarantee the faithful performance of the contract and the payment of all subcontractors, and labor and material bills." * * *

And section 12 of chapter 75 of the Code of West Virginia, quoted above, was manifestly intended to require a bond for the protection of those furnishing labor and materials on public buildings, in lieu of the protection afforded by the lien statute in other cases. The bond must

be construed in the light of this statute, and, without deciding that the provisions of the statute for the protection of laborers and materialmen would be incorporated into the bond, in contravention of its express provisions, there can be no doubt that the bond should be liberally construed to effect the purpose of the statute. * * * When the bond is so construed, and the provisions of the contract are read into it, it is clear that it guarantees the payment of the claims of laborers and materialmen. To hold otherwise would deny all force and effect to the provision of the contract incorporated in the bond, that it should "guarantee the faithful performance of the contract and the payment of all subcontractors and labor and material bills," would convict the plaintiff of violating the statute above quoted, and would place the defendant in the absurd position of executing a bond in violation of the terms of a contract and at the same time incorporating the contract in the bond. * * *

It is insisted, however, that paragraph 11 of the bond prevents this suit by plaintiff as assignee of laborers and materialmen. We think not. It is true that paragraph 11 does provide that "no right of action shall accrue upon or by reason hereof, to or for the use or benefit of any one other than the obligee herein." But section 12 of chapter 75 of the Code, heretofore quoted, expressly provides that bonds given pursuant thereto, and the sureties thereon, shall be responsible to laborers or materialmen, or their assigns, for the full amount of their claims; and, in so far as paragraph 11 attempts to provide that no right of action shall accrue to or for the use or benefit of any one other than the obligee under the bond, it is contrary to the statute and to the public policy of the state as expressed therein, and is therefore void. Ingold v. City of Hickory, 178 N. C. 614, 101 S. E. 525, and cases therein cited.

The facts set forth in the above decision are very nearly identical with the facts with reference to the bond and contract in this case. It is true that the contractor's bond in the case now before the court does not make the contract a part of the bond by specific reference but it does annex the contract to the bond and specifically refers to the contract. The bond specifically refers to the written contract dated October 26, 1954, "with the Obligee, for the construction of the *Woodlawn Elementary School, Sebring, Florida,* a copy of which is hereto annexed."

The bond then provides that the obligee shall be indemnified against any loss or damage directly arising by reason of the failure of the contractor to faithfully perform the contract. And, in a subsequent paragraph provides that the obligee shall *faithfully perform* all the terms, covenants and conditions of such contract.

In section 79, 7 Florida Jurisprudence, Contracts, it is stated that when a written contract expressly refers to and sufficiently describes another document, such document may be regarded as a part of the contract and may properly be considered in its construction. It is further stated that where a contract expressly pro-

vides that it is subject to the terms and conditions of other contracts which are clearly designated, such other contracts must be considered in determining the intent of the parties to the transaction.

The motion to dismiss is granted. Plaintiffs are allowed 20 days to amend their complaint or file amended complaint.