HAYWOOD COUNTY CONSOLIDATED SCHOOL SYSTEM v. UNITED STATES FIDELITY & GUARANTY COMPANY

No. 7830SC1116

(Filed 18 September 1979)

**Principal and Surety § 10— performance bond—later damage to gym floor caused by plumbing contractor's negligence**

    A contractor's performance bond in which defendant insurer agreed to indemnify the owner for damages resulting from the contractor's negligent performance of plumbing work for the owner provided coverage for water damage

to a wooden gym floor caused by the contractor's negligent installation of a defective pressure reducing valve in a line leading to a water cooler, and defendant insurer was not relieved of liability by a contract provision requiring the contractor to carry liability insurance against claims for damages because of injury to or destruction of tangible property.

APPEAL by defendant from *Thornburg, Judge.* Judgment entered 19 September 1978 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 30 August 1979.

The facts are stipulated by the parties: Plaintiff contracted with Norman's Mechanical Contractors, Inc. (Contractor) for Contractor to perform plumbing work in the Central Elementary School. Plaintiff required a performance bond, and one was executed by Contractor and defendant. Included in the plumbing work performed by Contractor were certain repairs and alterations to a water cooler and the lines leading to it. In performing this work, Contractor installed a defective pressure reducing valve. As a direct result of the installation of the defective valve, the supply tube to the water cooler blew out of a valve fitting, causing water damage to a newly-constructed wooden gym floor. The cost of repairing the defective pressure valve and the supply line was approximately $500, which was paid by defendant. The cost of repairing the water-damaged wood floor was $4,546. Defendant denied that the terms of the bond required it to pay for these repairs. Contractor's general liability policy, in effect while the work was in progress, had been cancelled some ten months prior to the blow out. Plaintiff was advised of this cancellation nine days subsequent to the blow out. Prior to the blow out, Contractor was adjudicated a bankrupt.

The trial court held that defendant must pay for the repairs to the damaged wood floor. Defendant appeals.

*Brown, Ward & Haynes, by Gavin A. Brown, for plaintiff appellee.*

*Van Winkle, Buck, Wall, Starnes, Hyde & Davis, by Philip J. Smith, for defendant appellant.*

ARNOLD, Judge.

The sole issue on this appeal is whether defendant is required under the performance bond to pay for later damages to

property caused by Contractor's improper performance under the contract. In answering this question, we must construe the bond and the construction contract together to determine the intent of the parties. *Realty Co. v. Batson*, 256 N.C. 298, 123 S.E. 2d 744 (1962); *Ideal Brick Co. v. Gentry*, 191 N.C. 636, 132 S.E. 800 (1926).

By the terms of the performance bond defendant is obligated if Contractor does not "well and truly perform and fulfill all the undertakings, covenants, terms, conditions and agreements of [the] contract." The contract refers to plaintiff as Owner. Subsection 4.18.1 provides in pertinent part: "The Contractor shall indemnify . . . the Owner . . . against all . . . damages, losses and expenses . . . arising out of or *resulting from* the performance of the Work, provided that any such . . . damage, loss or expense (1) is attributable . . . to injury to or destruction of tangible property (other than the Work itself) . . . , and (2) is caused in whole or in part by any negligent act or omission of the Contractor." (Emphasis added.) Defendant admits that this language "may seem to cover the consequential damages which the plaintiff is seeking," but argues that it is not liable under this section because the contract by subsection 11.1.1 requires the Contractor to carry liability insurance against "claims for damages because of injury to or destruction of tangible property." We are unpersuaded. Contractor's responsibility to carry liability insurance did not remove his liability under 4.18.1. And Contractor's liability is the measure of defendant's liability. *State v. Guarantee Co.*, 207 N.C. 725, 178 S.E. 2d 550 (1935). As Contractor is liable for damages *resulting from* his negligent performance of the work, so is defendant. It is undisputed that the damage to the gym floor resulted from Contractor's negligent performance. The trial court ruled correctly.

Affirmed.

Judges HEDRICK and VAUGHN concur.